522 So.2d 374 (1988)
FLORIDA RULES OF CRIMINAL PROCEDURE RE: SENTENCING GUIDELINES (RULES 3.701 & 3.988).
No. 71600.
Supreme Court of Florida.
April 21, 1988.[*]
Leonard Holton, Director, Sentencing Guidelines Commission, Tallahassee, for petitioner.

AS MODIFIED ON MOTION FOR CLARIFICATION
PER CURIAM.
The Sentencing Guidelines Commission has petitioned this Court for changes in the sentencing guidelines rules. The first change is purely procedural. Its purpose is to:
Conform Florida Rules of Criminal Procedure 3.701(c) and 3.988(a) to previously enacted statutory revisions repealing § 316.1931, Florida Statutes (1985) and transferring the statutory authority for the offense of DUI Manslaughter to § 316.193(3)(c)3, Florida Statutes (Supp. 1986). The existing statutory reference in Florida Rules of Criminal Procedure 3.701(c) and 3.988(a) is to § 316.1931(2) and should be changed to § 316.193(3)(c)3.
The Florida Legislature in 1987 provided the Supreme Court with the authority to revise the statewide sentencing guidelines where the Supreme Court certifies that the revisions are necessary to conform the guidelines to previously adopted statutory revisions. Ch. 87-110, § 2, Laws of Florida. This revision is intended to correct the erroneous references in the existing sections of the sentencing guidelines as set out above.
The second change is to:

*375 Adopt a revision to expand the discretion of the sentencing courts where the recommended range of punishment is the second or a higher cell. This revision would provide a sentencing court with the ability to increase or decrease the severity of a recommended sentence by one cell without requiring the sentencing court to provide written reasons or allowing for appellate review of the one cell increase or decrease. The proposal is referred to as "permitted ranges" and is the same proposal authored by the Florida Supreme Court in response to a recommendation of the Sentencing Guidelines Commission contained in the petition filed on October 1, 1986. See, Florida Rules of Criminal Procedure re Sentencing Guidelines (Rule 3.701; 3.988), 509 So.2d 1088 (Fla. 1987). The existing structure of cells of recommended ranges of punishment would be retained and the sentencing court would not be allowed, under this proposal, to increase the severity of a recommended sentence of the first cell without providing clear and convincing reasons in writing, subject to appellate review.
We approve this petition and recommend that the legislature approve these changes. One of the chief complaints about the guidelines is that in many instances the sentencing cells are too narrow for the circumstances of certain crimes. This modification would afford an opportunity to adjust sentences outside of the norm for the particular category. Nevertheless, it is contemplated that the use of the "permitted" range would be the exception rather than the rule and that most sentences will remain in the recommended cell. The expanded cells should result in fewer true departure sentences and hence fewer appeals. The amendments are attached to this opinion.
We should advise that there is a difference of opinion on whether this amendment would result in more prison days in the state penitentiary than exist under present guidelines. We have no reason to believe that it will.
In chapter 87-110, Laws of Florida, the legislature changed the standard for evaluating the sufficiency of reasons for departure from recommended ranges. The original version of this opinion, however, inadvertently overlooked that recent amendment to section 921.001, Florida Statutes (1987). On the commission's motion for clarification, therefore, we amend Florida Rules of Criminal Procedure 3.701b.6, d.8, and d.11. to remove reference to "clear and convincing" reasons.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in part and dissents in part with an opinion.
RULE 3.701. SENTENCING GUIDELINES
a. This rule is to be used in conjunction with forms 3.988(a)-(i).

b. Statement of Purpose
The purpose of sentencing guidelines is to establish a uniform set of standards to guide the sentencing judge in the sentence decision-making process. The guidelines represent a synthesis of current sentencing theory and historic sentencing practices throughout the state. Sentencing guidelines are intended to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense-related and offender-related criteria and in defining their relative importance in the sentencing decision.
The sentencing guidelines embody the following principles:
1. Sentencing should be neutral with respect to race, gender, and social and economic status.
2. The primary purpose of sentencing is to punish the offender. Rehabilitation and other traditional considerations continue to be desired goals of the criminal justice system but must assume a subordinate role.
3. The penalty imposed should be commensurate with the severity of the convicted *376 offense and the circumstances surrounding the offense.
4. The severity of the sanction should increase with the length and nature of the offender's criminal history.
5. The sentence imposed by the sentencing judge should reflect the length of time to be served, shortened only by the application of gain time.
6. While the sentencing guidelines are designed to aid the judge in the sentencing decision and are not intended to usurp judicial discretion, departures from the presumptive sentences established in the guidelines shall be articulated in writing and made only for clear and convincing reasons where circumstances or factors reasonably justify the aggravation or mitigation of the sentence. The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence.
7. Because the capacities of state and local correctional facilities are finite, use of incarcerative sanctions should be limited to those persons convicted of more serious offenses or those who have longer criminal histories. To ensure such usage of finite resources, sanctions used in sentencing convicted felons should be the least restrictive necessary to achieve the purposes of the sentence.

c. Offense Categories
Offenses have been grouped into nine (9) offense categories encompassing the following statutes:
Category 1: Murder, manslaughter: Chapter 782 [except subsection 782.04(1)(a)], and subsection 316.193(3)(c) 3, and section 327.351(2)
Category 2: Sexual offenses: Chapters 794 and 800 and section 826.04
Category 3: Robbery: Section 812.13
Category 4: Violent personal crimes: Chapters 784 and 836 and section 843.01
Category 5: Burglary: Chapter 810 and subsection 806.13(3)
Category 6: Thefts, forgery, fraud: Chapters 322, 409, 443, 509, 812 (except section 812.13), 815, 817, 831, and 832
Category 7: Drugs: Chapter 893
Category 8: Weapons: Chapter 790 and section 944.40
Category 9: All other felony offenses

d. General Rules and Definitions
1. One guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing. The state attorney's office will prepare the scoresheets and present them to defense counsel for review as to accuracy in all cases unless the judge directs otherwise. The sentencing judge shall approve all scoresheets.
2. "Conviction" means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.
3. "Primary offense" is defined as that offense at conviction which, when scored on the guidelines scoresheet, recommends the most severe sanction. In the case of multiple offenses, the primary offense is determined in the following manner:
a) A separate guidelines scoresheet shall be prepared scoring each offense at conviction as the "primary offense at conviction" with the other offenses at conviction scored as "additional offenses at conviction."
b) The guidelines scoresheet which recommends the most severe sentence range shall be the scoresheet to be utilized by the sentencing judge pursuant to these guidelines.
4. Additional offenses at conviction: All other offenses for which the offender is convicted and which are pending before the court for sentencing at the same time shall be scored as additional offenses based upon their degree and the number of counts of each.
5. a) "Prior record" refers to any past criminal conduct on the part of the *377 offender, resulting in conviction, prior to the commission of the primary offense. Prior record includes all prior Florida, federal, out-of-state, military, and foreign convictions, as well as convictions for violation of municipal or county ordinances that bring within the municipal or county code the violation of a state statute or statutes.
1) Entries in criminal histories which show no disposition, disposition unknown, arrest only, or other nonconviction disposition shall not be scored.
2) When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida Statute.
3) When unable to determine whether an offense at conviction is a felony or a misdemeanor, the offense should be scored as a misdemeanor. Where the degree of the felony is ambiguous or impossible to determine, score the offense as a third-degree felony.
4) Prior record shall include criminal traffic offenses, which shall be scored as misdemeanors.
5) Convictions which do not constitute violations of a parallel or analogous state criminal statute shall not be scored.
b) Adult record: An offender's prior record shall not be scored if the offender has maintained a conviction-free record for a period of ten (10) consecutive years from the most recent date of release from confinement, supervision or sanction, whichever is later, to the date of the primary offense.
c) Juvenile record: All prior juvenile dispositions which are the equivalent of convictions as defined in section (d)(2), occurring within three (3) years of the commission of the primary offense and which would have been criminal if committed by an adult, shall be included in prior record.
6. Legal status at time of offense is defined as follows: Offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs.
7. Victim injury shall be scored for each victim physically injured during a criminal episode or transaction.
8. Guidelines ranges: The presumptive sentences provided in the guidelines grids are assumed to be appropriate for the composite score of the offender. However, a sentence range is provided in order to permit some discretion without the requirement of a written explanation for departing from the presumptive sentence. The recommended sentences provided in the guideline grids are assumed to be appropriate for the composite score of the offender. A range is provided in order to permit some discretion. The permitted ranges allow the sentencing judge additional discretion when the particular circumstances of a crime or defendant make it appropriate to increase or decrease the recommended sentence without the requirement of a finding clear and convincing reasons reasonable justification to do so and without the requirement of a written explanation.
9. Mandatory sentences: For those offenses having a mandatory penalty, a scoresheet should be completed and the guideline sentence calculated. If the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the guideline sentence exceeds the mandatory sentence, the guideline sentence should be imposed.
10. Sentences exceeding statutory maximums: If the composite score for a defendant charged with a single offense indicates a guideline sentence that exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed.
11. Departures from the guideline sentence: Departures from the recommended or permitted guideline range *378 sentence should be avoided unless there are clear and convincing reasons to warrant circumstances or factors which reasonably justify aggravating or mitigating the sentence. Any sentence outside of the permitted guideline range must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
12. Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.
13. Community control is a form of intensive supervised custody in the community involving restriction of the freedom of the offender. When community control is imposed, it shall not exceed the term provided by general law.
14. Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
15. Categories 3, 5, and 6 contain an additional factor to be scored under the heading of Prior Record: Prior convictions for similar offenses. Prior convictions scored under this factor should be calculated in addition to the general prior record score. Scoring is limited to prior felony convictions included within the category.
COMMITTEE NOTE: (a) The operation of this rule is not intended to change the law or requirements of proof as regards sentencing.
(b) These principles are binding on the sentencing court.
(c) Only one category is proper in any particular case. Category 9, "All Other Felony Offenses," should be used only when the primary offense at conviction is not included in another, more specific category. The guidelines do not apply to capital felonies.
Inchoate offenses are included within the category of the offense attempted, solicited, or conspired to, as modified by Ch. 777.
The form appearing at Florida Rule of Criminal Procedure 3.988(a) has been revised to incorporate a point value for inclusion in the prior record factor utilized in the determination of recommenced sentence by scoring each prior conviction under section 316.193, Florida Statutes (Supp. 1984), or section 316.1931, Florida Statutes (Supp. 1984), or section 327.351, Florida Statutes (Supp. 1984), at a value of thirty-two (32) points. This point value will be applied only where the offender is convicted for a violation of section 316.193(3)(c)3, Florida Statutes (Supp. 1986), or section 327.351, Florida Statutes (Supp. 1984), where the operation of a motor vehicle or vessel by the offender while intoxicated as defined in section 316.193(1), Florida Statutes (Supp. 1986), or section 327.351(1), Florida Statutes (Supp. 1984), results in the death of any human being and the scoresheet utilized in sentencing is the form appearing at Florida Rule of Criminal Procedure 3.988(a). For purposes of determining a prior conviction for a violation of the above enumerated statute, a prior conviction for violation of section 316.1931 or section 316.193 or former section 860.01 or former section 316.028, or a previous conviction for any substantially similar alcohol-related or drug-related traffic offense outside this state, shall also be considered a prior conviction.
(d)(1) Ultimate responsibility for assuring that scoresheets are accurately prepared rests with the sentencing court. Due to ethical considerations, defense counsel may not be compelled to submit a scoresheet. Probation and parole officers may be directed to compile guidelines scoresheets only when a presentence investigation *379 has been ordered. The forms for calculating the guidelines are forms 3.988(a)(i).
(d)(2) This definition applies to both instant offense and prior record scoring.
(d)(3) The proper offense category is identified upon determination of the primary offense. When the defendant is convicted of violations of more than one unique statute, the offenses are to be sorted by statutory degree.
(d)(4) No points shall be scored for lesser and included offenses. In the event of multiple counts of the same distinct offense and degree of felony being scored as primary offense, it shall be scored as additional counts of the primary offense. All other offenses for which the defendant is convicted and are pending before the court for sentencing shall be scored as additional offenses.
(d)(5) Each separate prior felony and misdemeanor conviction in an offender's prior record which amounts to a violation of Florida law shall be scored, unless discharged by the passage of time. Any uncertainty in the scoring of the defendant's prior record shall be resolved in favor of the defendant, and disagreement as to the propriety of scoring specific entries in the prior record should be resolved by the trial judge.
Prior record includes all offenses for which the defendant has been found guilty, regardless of whether adjudication was withheld or the record has been expunged.
Juvenile dispositions, with the exclusion of status offenses, are included and considered along with adult convictions by operation of this provision. However, each separate adjudication is discharged from consideration if three (3) years have passed between the date of disposition and the commission of the instant offense.
For any offense where sentence was previously suspended pursuant to the imposition of probation and such offense is now before the court for sentencing, upon a revocation of that probation based upon a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as "prior record" and not as "additional offense."
(d)(7) This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode. The injury need not be an element of the crime for which the defendant is convicted, but is limited to physical trauma. However, if the victim injury is the result of a crime for which the defendant has been acquitted, it shall not be scored.
(d)(8) The first guideline cell in each category (any nonstate prison sanction) allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone or any nonincarcerative disposition. The presumptive sentences in the succeeding grids refer to commitments to state prison. Any presumptive sentence may include the requirement that a fine be paid. The presumptive sentences are found in forms 3.988(a)-(i).
(d)(10) If an offender is convicted under an enhancement statute, the reclassified degree should be used as the basis for scoring the primary offense in the appropriate category. If the offender is sentenced under section 775.084 (habitual offender), the maximum allowable sentence is increased as provided by the operation of that statute. If the sentence imposed departs from the recommended sentence, the provisions of (d)(11) shall apply.
(d)(11) A sentencing judge may depart from the recommended sentence and impose a sentence within permitted range without giving reasons therefor. If a sentencing judge departs from the permitted range, reasons for departure shall be articulated at the time sentence is imposed. The written statement shall be made a part of the record, with sufficient specificity to inform all parties, as well as the public, of the reasons for departure. The court is prohibited from considering offenses for which the offender has not been convicted. Other factors, consistent and not in conflict *380 with the Statement of Purpose, may be considered and utilized by the sentencing judge.
(d)(12) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph (11) are complied with.
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
(d)(13) Community control is a viable alternative for any state prison sentence less than twenty-four (24) months without requiring a reason for departure. It is appropriate to impose a sentence of community control to be followed by a term of probation. The total sanction (community control and probation) shall not exceed the term provided by general law.
Community control is not an alternative sanction from the recommended range of any nonstate prison sanction unless the provisions of Florida Rule of Criminal Procedure 3.701(d)(11) are applied.
*381 
*382 
*383 
*384 
*385 
*386 
BARKETT, Justice, concurring in part, dissenting in part.
While I agree with the first recommendation of the Guidelines Commission, I dissent from the majority's endorsement of the second. I cannot agree that the "permitted ranges" proposal is in keeping with the goal of uniformity that underlies the guidelines.
NOTES
[*] The Per Curiam opinion in this matter was published at 520 So.2d 13. This publication incorporates modifications made on a motion for clarification.