## STATE OF FLORIDA v PEREZ

Case Nos. 88-18992 and 87-29925A

Eleventh Judicial Circuit, Dade County

September 15, 1988

### APPEARANCES OF COUNSEL

**Pamela Tyler** Assistant State Attorney, for plaintiff.

**Harry Robbins** for defendant.

### OPINION OF THE COURT

MARGARITA ESQUIROZ, Circuit Judge.

### *ORDER ON SENTENCING GUIDELINES*

THIS CAUSE came on to be heard before me on the issue of whether the recent revision to the Statewide Sentencing Guidelines, proposed by the Florida Supreme Court on April 21, 1988, *Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988)*, 522 So.2d 374 (Fla. 1988), adopted and implemented into law effective July 1, 1988, 1988 Fla. Laws, ch. 88-131, is retroactive and therefore applicable to crimes committed prior to July 1, 1988. The

court is of the view that the revision may validly be applied retrospectively to crimes occurring prior to July 1, 1988, when the result of such application is ameliorative in nature. This court's ruling is as follows:

1. The Supreme Court of Florida recommended the revision which "would provide a sentencing court with the ability to increase or decrease the severity of a recommended sentence by one cell without requiring the sentencing court to provide written reasons or allowing for appellate review of the one cell increase or decrease." *Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988)*, 522 So.2d 374, 375 (Fla. 1988). The legislature adopted such revision and the legislation implementing the revised guidelines became effective July 1, 1988. See 1988 Fla. Laws, ch. 88-131; § 921.0015, Fla. Stat. (Supp. 1988).

2. The revised guidelines embody this sentencing discretion under the rules and definitions distinguishing recommended ranges from permitted ranges:

> The recommended sentences provided in the guidelines grids are assumed to be appropriate for the composite score of the offender. A range is provided in order to permit some discretion. The permitted ranges allow the sentencing judge additional discretion when the particular circumstances of a crime or defendant make it appropriate to increase or decrease the recommended sentence without the requirement of finding reasonable justification to do so and without the requirement of a written explanation. Fla. R. Crim. P. 3.701(d)(8).

The Committee Notes to the sentencing guidelines rule further provide that:

> A sentencing judge may depart from the recommended range and impose a sentence within permitted range without giving reasons therefor. If a sentencing judge departs from the permitted range, reasons for departure shall be articulated at the time sentence is imposed. Committee Note to Fla. R. Crim. P. 3.701(d)(11).[1]

3. At the time of the commission of this offense, the sentencing guidelines would have resulted in a presumptive sentence of *2½ to 3½ years* in defendant's case. At the time of sentencing, the revised

---

[1] The level of proof necessary to establish facts supporting a departure has also been relaxed, and such facts must now be established by a preponderance of the evidence, as distinguished from clear and convincing reasons to warrant such departure. The requirement of a written statement is preserved under such circumstances. Fla. R. Crim. P. 3.701(b)(6), (d)(8) and (11). See 1987 Fla. Laws, ch. 87-110, effective July 1, 1987.

guidelines allowed the trial judge discretion to impose a sentence within the permitted ranges of *community control or 12-30 months incarceration to 4½ years.* In this case, the court has applied the guidelines in effect at the time of sentencing and has imposed a sentence of *18 months incarceration in State Prison,* which falls within the lower permitted range. The question is whether retroactive application of the guidelines is permissible under these circumstances.

4. The first question that must be answered is whether the law is retrospective. A law is retrospective if it "changes the legal consequences of acts completed before its effective date." *Weaver v Graham,* 450 U.S. 24, 101 S.Ct. 960 (1981), quoted in *Miller v Florida,* 482 U.S. —, 107 S. Ct. 2446, 2450 (1987). In *Miller,* the United States Supreme Court applied this test to a Florida sentencing guidelines revision which changed the primary offense and also increased the number of points assigned to such primary offense in Miller's score sheet, thereby resulting in a longer presumptive sentence in Miller's case. The Court ruled that the revision clearly changed the legal consequences of acts completed before it became effective. The revision was therefore considered to be retroactive, and applicable to events occurring before its effective date. Analysis of the July 1, 1988, revision of the sentencing guidelines makes it evident that the same logic applies herein. The revision at issue clearly changes the legal consequences of acts completed prior to its effective date by broadening the range of punishment, both upward and downward, that a criminal defendant may receive upon conviction for a certain offense, without requiring the sentencing judge to articulate reasons in writing for such higher or lower sentence and by effectively eliminating appellate review of the one-cell increase or decrease, both strict requirements under the pre-July 1, 1988, law. Based upon these reasons, this court concludes that the recent revision to the Statewide Sentencing Guidelines which became effective July 1, 1988, is retrospective and applies to crimes committed prior to its effective date.

5. The next question that must be answered is whether the retrospective application of the revised guidelines violates the constitutional prohibition against ex post facto laws. Art. I, § 9, cl. 3; Art. I, § 10, cl. 1. For a law to be ex post facto, it must be more onerous than the prior law, that is, "it must disadvantage the offender affected by it." *Weaver v Graham,* 450 U.S. 24, 29, 101 S. Ct. 960, 964; *Dobbert v Florida,* 432 U.S. 282, 294, 97 S. Ct. 2290, 2299 (1977), quoted in *Miller v Florida,* 482 U.S. —, 107 S. Ct. 2446, 1451-2452. In *Miller,* the United States Supreme Court also addressed the ex post facto issue in the context of Florida's guidelines revision which increased the rates

and length of incarceration in Miller's case. In ruling that Miller "plainly has been 'substantially disadvantaged' by the change in sentencing laws," *Id.,* 107 S. Ct. at 2452, the Court reasoned:

. . . To impose a seven-year sentence under the old guidelines, the sentencing judge would have to depart from the presumptive sentence range of three and one-half to four and one-half years. As a result, the sentencing judge would have to provide clear and convincing reasons in writing for the departure, on facts proven beyond a reasonable doubt, and his determination would be reviewable on appeal. By contrast, because a seven-year sentence is within the presumptive range under the revised law, the trial judge did not have to provide any reasons, convincing or otherwise, for imposing the sentence, and his decision was unreviewable. Thus, even if the revised guidelines law did not "technically . . . increase . . . the punishment annexed to [petitioner's] crime," citation omitted), it foreclosed his ability to challenge the imposition of a sentence longer than his presumptive sentence under the old law. Petitioner therefore was "substantially disadvantaged" by the retrospective application of the revised guidelines to his crime. *Miller v Florida,* 482 U.S. —, 107 S. Ct. 2446, 2452.

This analysis is uniquely fitting when the guidelines revision at issue here is applied to result in a longer or harsher sentence than the defendant would have received under the law applicable at the time of the commission of this offense. Therefore, the provision of the law that enables the sentencing judge to *increase* the length of the recommended sentence by one well, without requiring that written reasons justifying such increase be given or allowing for appellate review of the one-cell increase, is clearly violative of the constitutional prohibition against ex post facto laws when applied to defendants convicted of crimes committed prior to July 1, 1988. The enhancing provision of the revised law is thus void in that situation and cannot be applied under those circumstances.

6. This analysis is, however, inapplicable when the guidelines revision is applied to result in a shorter or less severe sentence than the defendant would have received under the law applicable at the time of the commission of the offense. If a law does not add to the quantum of punishment, it cannot violate the ex post facto clause even if it is applied retrospectively. *Weaver v Graham,* 450 U.S. 24, 29, n. 12, 101 S. Ct. 960, 964, n. 12; *Dufresne v Baer,* 744 F.2d 1543, 1546 (11th Cir. 1984). In *Weaver,* the Court passed upon the validity of the Florida statute governing the calculation of gain time for sentenced prisoners, and concluded with regard thereto:

34

For prisoners who committed crimes before its enactment, § 944.275(1) substantially alters the consequences attached to a crime already completed, and therefore changes "the quantum of punishment." See Dobbert v Florida, supra, 432 U.S., at 293-294, 97 S. Ct., at 2298. Therefore, *it is a restrospective law which can be constitutionally applied to petitioner only if it is not to his detriment.* Id., at 294, 97 S. Ct., at 2298 (Emphasis supplied) *Weaver v Graham,* 450 U.S. 24, at 31, 101 S. Ct. 960, at 966.

7. Finally, the fact that there are certain portions of the law that are ex post facto coexisting and present in the same statute with other portions of the law that are not ex post facto does not make the entire revised law inapplicable or void in all cases involving crimes committed prior to the law's effective date. In *Weaver,* the Court clarified:

> The proper relief upon a conclusion that a state prisoner is being treated under an ex post facto law is to remand to permit the state court to apply, if possible, the law in place when his crime occurred. See Lindsey v Washington, supra at 402, 57 S. Ct., at 799; In re Medley, supra, at 173, 10 S. Ct., at 388. In remanding for this relief, we note that *only the ex post facto portion of the law is void as to petitioner, and therefore any severable provisions which are not ex post facto may still be applied to him.* See 2 C. Sands, Sutherland on Statutory Construction, 444.04 (4th ed. 1973). (Emphasis supplied) *Weaver v Graham,* 450 U.S. 24, 35, 101 S. Ct. 960, 968, n.22.

In conclusion, it follows that the portion of the revised guidelines law that enables the sentencing judge to decrease the length of the recommended sentence by one cell, without requiring written reasons justifying such decrease and without allowing for appellate review of the one-cell decrease, is not violative of the constitutional prohibition against ex post facto law when applied to defendants convicted of crimes committed prior to July 1, 1988. Such mitigating provision of the law is severable and may constitutionally be applied to the defendant, whose crime occurred prior to July 1, 1988, and to those defendants similarly situated.

DONE and ORDERED at Miami, Dade County, Florida, this 15th day of September, 1988.