DANIEL, Judge.
The State appeals the sentence of defendant Glenn Bohannon contending that the trial court used an incorrect scoresheet to determine Bohannon’s sentence. We agree and reverse.
The trial court adjudicated Bohannon guilty of DUI manslaughter and aggravated assault and sentenced him pursuant to a category 9 (“all other felony offenses”) scoresheet. The state objected to the use of a category 9 scoresheet contending that the DUI manslaughter charge, the primary offense at conviction, should be scored on a category 1 (“murder, manslaughter”) scoresheet). Bohannon’s score of 154 points on the category 9 scoresheet resulted in a recommended guideline sentence of 37⅛ to 4½ years imprisonment. Bohannon was sentenced to concurrent terms of 472 years imprisonment.
Bohannon’s conviction for DUI manslaughter was pursuant to section 316.-193(3)(c)(3), Florida Statutes (1987). Previously the offense of driving an automobile while intoxicated had been prohibited by section 316.1931. This section was repealed by Chapter 86-296, Laws of Florida, effective October 1, 1986, and statutory authority for DUI manslaughter was transferred to subsection 3 of section 316.193.
At the time Bohannon was sentenced (March 17,1988), the category 1 scoresheet was designated for:
Rule 3.988(a)
Category 1: Murder, Manslaughter. Chapter 782 [except subsection 782.-04(l)(a)] and subsection 316.1931(2)
*1385 Chapter 88.131, Laws of Florida, effective July 1, 1988, adopted rule 3.701 and rule 3.988, Florida Rules of Criminal Procedure, as revised by the Florida Supreme Court on April 21, 1988. In the opinion outlining its revisions, the Florida Supreme Court stated as follows:
The Sentencing Guidelines Commission has petitioned this Court for changes in the sentencing guidelines rules. The first change is purely procedural. Its purpose is to:
Conform Florida Rules of Criminal Procedure 3.701(c) and 3.988(a) to previously enacted statutory revisions repealing § 316.1931, Florida Statutes (1985) and transferring the statutory authority for the offense of DUI Manslaughter to § 316.193(3)(c)(3), Florida Statutes (Supp.1986). The existing statutory reference in Florida Rules of Criminal Procedure 3.701(e) and 3.988(a) is to § 316.1931(2) and should be changed to § 316.193(3)(c)(3).
The Florida Legislature in 1987 provided the Supreme Court with the authority to revise the statewide sentencing guidelines where the Supreme Court certifies that the revisions are necessary to conform the guidelines to previously adopted statutory revisions. Ch. 87.110, § 2, Laws of Florida. This revision is intended to correct the erroneous references in the existing sections of the sentencing guidelines as set out above, (emphasis added)
Florida Rules of Criminal Procedure re: Sentencing Guidelines (Rules 3.701 and 3.988), 522 So.2d 374 (Fla.1988).
Category 1 scoresheets now provide as follows:
Rule 3.988(a)
Category 1: Murder, Manslaughter Chapter 782 [except subsection 782.-04(l)(a) ] and subsection 316.193(3)(c)(3)
The sentencing guidelines rule provides that only one category is proper in any particular case and that category 9 scoresheets should be used only when the primary offense at conviction is not included in another, more specific category. Fla. R.Crim.P. 3.701, Committee Note c. The revised sentencing guidelines now make clear that DUI manslaughter must be scored on a category 1 scoresheet. Application of the revised guidelines is not an ex post facto violation as the Florida Supreme Court has determined that the revision is purely procedural. No ex post facto violation occurs if a change does not alter substantial personal rights but merely changes modes of procedure which do not affect matters of substance. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).
Even assuming that the Florida Supreme Court had not labeled the changes as purely procedural, the category 1 score-sheet should have been used here. In 1985, the category 1 scoresheet was revised to add a 32 point value for each prior conviction under sections 316.193, 316.1931 or 327.351 where the operation of a motor vehicle by the offender while intoxicated results in the death of any human being. See The Florida Bar re: Rules of Criminal Procedure (Sentencing Guidelines, 3.701, 3.988), 482 So.2d 311 (Fla.1985). Thus it is clear that the Legislature always intended for crimes resulting in the death of a person to be scored on a category 1 scoresheet and the statutory renumbering of the DUI manslaughter statute did not alter that intent.[1]
Bohannon’s sentence is reversed and the cause remanded for resentencing pursuant to a category 1 scoresheet.
REVERSED and REMANDED.
SHARP, C.J., and COWART, J., concur.

. Here the offense was committed in 1987, after the 1985 revisions.