HARRIS, Judge.
Terry Leroy Tillman appeals his conviction and sentence for violation of community control.
Tillman contends that his conviction was improper because it was based on the hearsay statement of his probation officer that he had been advised as to the conditions of his probation and had signed the form. He relies on Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988) for the proposition that information contained in probation records not received in evidence is hearsay.' Such reliance is misplaced. In Adams only the intake officer (not the assigned probation officer) testified and her testimony was based solely on the proba *1188 tion records that were not received in evidence. In the case at bar the assigned community control officer testified that she advised appellant of the conditions of his community control and witnessed his signing the form. This is not hearsay.
Tillman’s additional complaint that the only evidence of his violation was also hearsay is not supported by the record.
We find that his conviction was proper.
The court did err in failing to credit all of appellant’s earned jail time against his sentence. See State v. Green, 547 So.2d 925 (Fla.1989).
Conviction AFFIRMED; sentence REVERSED and REMANDED for resentenc-ing.
COBB and GOSHORN, JJ., concur.