W. SHARP, Judge.
We affirm Wiggins' adjudication of guilt for attempted armed robbery.[1] How *263 ever, we quash the sentence imposed after his probation was revoked because it exceeds the one-cell bump-up permitted, and no written departure reasons were given. Franklin v. State, 545 So.2d 851 (Fla.1989), and Lambert v. State, 545 So.2d 838 (Fla.1989).
The trial court may have thought it was not imposing a departure sentence because a recent guidelines amendment would have permitted a sentence of three and one-half years in prison. Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988), 522 So.2d 374 (Fla.1988). However, the amendment took effect after the offenses in this case were committed. Thus, we remand for resentencing within the one-cell bump-up permitted range.
AFFIRMED in part; sentences QUASHED; REMANDED.
HARRIS and PETERSON, JJ., concur.

. §§ 812.13(1), 777.04(1), Fla.Stat. (1987).