PER CURIAM.
Defendant was placed on community control for two years after pleading guilty to the offense of possession of a firearm by a convicted felon. Defendant’s community control was subsequently revoked.[1] Defendant was sentenced to 4¾⅛ years incarceration, followed by IOV2 years probation. *406 Defendant’s sentencing guidelines score-sheet initially placed defendant in the second cell of community control or 12-30 months incarceration. With the one-cell “bump-up” for unsuccessful supervision, defendant could have been sentenced within the guidelines to 2[1]/¾-3[1]/2 years incarceration. Defendant’s 4½ year term of incarceration was described by the trial court as a two-cell “bump-up” resulting from defendant’s second violation of community control.[2]
The case law is well established that a trial court is limited to only a one-cell “bump-up” upon revocation of community control or probation. See Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989); Franklin v. State, 545 So.2d 851 (Fla.1989); State v. Tuthill, 545 So.2d 850 (Fla.1989); Lambert v. State, 545 So.2d 838 (Fla.1989); Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989) (two violations of probation as to same offense do not justify departure sentence). The trial court’s two-cell “bump-up” was improper and constituted an unauthorized departure from the sentencing guidelines.
REVERSED AND REMANDED FOR RESENTENCING.
COBB, COWART and PETERSON, JJ., concur.

. Defendant pled guilty to violating his community control. The alleged violations were two *406 fold; (1) Defendant consumed alcoholic beverages on May 31, 1988, and (2) defendant was not at his approved residence on May 31, 1988.

. Evidently, defendant’s community control was simply reinstated after his first violation.