W. SHARP, Judge.
Little appeals from two sentences he received after his probation was revoked in 1989. We agree that Little should not have been sentenced for the two burglaries he committed in 1981. He had completely served his 5 year sentence for those crimes, and contrary to the trial judge’s view, he did not receive a “split sentence.” See Poore v. State, 531 So.2d 161 (Fla.1988).
Little was also sentenced to 3½ years for one grand theft conviction (Case No. 81-1442) he committed in 1981. Two errors occurred in connection with his sentence for this crime. First, the record does not show Little affirmatively elected to be sentenced under the guidelines. See Randi v. State, 538 So.2d 976 (Fla. 5th DCA 1989); Ames v. State, 470 So.2d 94 (Fla. 5th DCA 1985). Accordingly, this sentence must be vacated and the cause remanded for resentencing.
Second, the state conceded that Little should have been given credit on this sentence for all the prison time he served. That includes not only the 30 days in jail prior to revocation of probation, but also credit for one year and one day he served in jail on this same conviction after an earlier revocation of probation in 1987. State v. Green, 547 So.2d 925 (Fla.1989).
Accordingly, we vacate Little’s sentences appealed in this cause, and we remand for resentencing on the grand theft conviction in Case No. 81-1442.
Two sentences QUASHED; REMANDED for resentencing.
DANIEL, C.J., and GOSHORN, J., concur.