564 So.2d 168 (1990)
Dennis Lamar WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1661.
District Court of Appeal of Florida, Fifth District.
June 21, 1990.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Another guideline sentencing departure case.
The defendant's guideline sentencing scoresheet (Form 7  87 points) resulted in a basic recommended range of 12-30 months' incarceration and a permitted range[1] of 1-3 1/2 years' imprisonment. The one cell increase permitted by Florida Rule of Criminal Procedure 3.701d.14. for probation violation resulted in a basic recommended range of 2 1/2-3 1/2 years' incarceration with a permitted range of 1-4 1/2 years' imprisonment.
The defendant was sentenced as follows:

 Case Number CR 86-6301 5 years imprisonment
 Case Number CR 89-2682 1 year imprisonment
 Case Number CR 89-5330 5 years imprisonment

The sentences were concurrent. No reasons for departure were given orally or in *169 writing. The defendant had been on, and twice violated, probation, as to Case Number 86-6301.
The five year sentences as to both Case Number 86-6301 and 89-5330 constitute departure sentences and are invalid because they were not accompanied by a written statement delineating reasons justifying an aggravated departure sentence[2] and are hereby vacated and the cause remanded for resentencing as to those two cases. The sentence on Case Number 89-2682 is affirmed.
On resentencing, the sentencing court cannot impose a departure sentence and must impose a guideline sentence.[3]
Because the guideline rule "permitted range" concept authorizes increased punishment, the constitutional ex post facto clause prohibits the application of that sentencing concept to sentences as to offenses that occurred prior to July 1, 1988, the effective date of the statute approving the rule that adopted and incorporated "permitted ranges."[4]
The offense in Case Number 86-6301 occurred before July 1, 1988; thus the "permitted range" cannot be used as to that offense. However, because the defendant violated probation as to that offense, the basic guideline sentencing range (community control or 12-30 months' incarceration) may be increased to the next higher guideline range of 2 1/2-3 1/2 years' incarceration.
The defendant was never on probation as to the offense in case number 89-5330; however, that offense occurred on May 9, 1989, well after the effective date of the "permitted range" amendment.
Because the defendant was never on probation as to the offense in case 89-5330, it would appear that the recommended guideline range (12-30 months' community control or incarceration) should not be increased to the next higher guideline range for violation of supervision under rule 3.701d.14. However, in Peters v. State, 531 So.2d 121 (Fla. 1988), the supreme court resolved this anomaly and the rule ambiguity against the criminal defendant and, in effect, held that when a defendant on probation as to one offense violates that probation by committing a new substantive offense and is sentenced for both offenses, because of the "one scoresheet" concept of the sentencing guidelines, the defendant's sentence range may be increased one cell (one range) for the offense for which he was on probation and also for the new or second substantive offense which violated the probation.[5] The effect of this is that the probation violation permits an increase to the 2 1/2-3 1/2 years incarceration recommended range as to the offense in case 89-5330 as well as to the offense in case 86-6301. However, the new "permitted range", which is applicable to the offense in case 89-5330, authorizes at that level (or cell) punishment of community control or 1-4 1/2 years' incarceration.
Accordingly, on remand, the maximum incarceration that can be imposed in case number 86-6301 is 3 1/2 years and in case number 89-5330 is 4 1/2 years concurrent with each other and with the one year sentence in case number 89-2682.
SENTENCE VACATED; CAUSE REMANDED.
DAUKSCH, COBB and COWART, JJ., concur.
NOTES
[1] Permitted ranges which allow the sentencing judge discretion to make a limited deviation from the basic recommended sentencing guideline range without written reasons justifying a departure sentence were added to scoresheets effective July 1, 1988 with the adoption of ch. 88-131, Laws of Florida. See also Rule 3.701d.8.
[2] See Florida Rule of Criminal Procedure 3.701d.11. See also Lambert v. State, 545 So.2d 838 (Fla. 1989); Jackson v. State, 560 So.2d 405 (Fla. 5th DCA 1990); Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989); Wright v. State, 554 So.2d 554 (Fla. 5th DCA 1989); and Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989).
[3] Pope v. State, 561 So.2d 554 (Fla. 1990).
[4] See note 1 and Wiggins v. State, 559 So.2d 262 (Fla. 5th DCA 1990); Roberson v. State, 555 So.2d 976 (Fla. 1st DCA 1990); McCaskell v. State, 542 So.2d 461 (Fla. 5th DCA 1989).
[5] See Randolph v. State, 556 So.2d 808 (Fla. 5th DCA 1990) considering the effect of this in the context of credit for time served.