564 So.2d 1104 (1990)
Charles TRUE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 89-2159 & 89-2171.
District Court of Appeal of Florida, Fourth District.
May 2, 1990.
On Motion for Clarification August 1, 1990.
Rehearing Denied August 29, 1990.
*1105 Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John M. Koenig, Jr., Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
Appellant seeks review of his robbery and grand theft sentences. He claims the sentences exceed the guidelines. The state concedes error.
In January of 1989, appellant pled guilty to the charges. He was placed on three years probation. About ten days later, appellant violated his probation. The trial judge gave appellant a twelve year jail sentence for the robbery and five year jail sentence for the grand theft.
We reverse. The trial judge used a scoresheet based on the offense which caused appellant to violate probation. A scoresheet for the primary offense that caused appellant to be placed on probation should have been used. Lambert v. State, 545 So.2d 838 (Fla. 1989).
Accordingly, we reverse appellant's sentence and remand for resentencing.[1]
DELL and WARNER, JJ., concur.

ON MOTION FOR CLARIFICATION
PER CURIAM.
Sua sponte we treat the state's motion for rehearing as a motion for clarification and clarify our opinion as follows:
The state initially conceded error, but now argues that no error occurred.
The appellate record has been supplemented with the single scoresheet that the trial judge used to sentence appellant in five different cases including the two cases involved in this appeal. The scoresheet reads in part:
Primary offense at conviction, one 2nd degree count circled.
Additional offense at conviction, three 2nd degree counts and one 3rd degree count circled.
Prior record, one 2nd degree count and one 3rd degree count circled.
For the primary offense of robbery in case no. 89-4300CF appellant's sentence was twelve years in state prison.
Appellant's sentences for the additional offenses were twelve years in state prison for the aggravated battery in 89-3285CF, and in 89-2897CF twelve years in state prison for the robbery and five years in state prison for the burglary.
On May 30, 1990, another panel of this court per curiam affirmed the convictions and sentences in 89-4300CF, 89-2897CF and 89-3285CF.
*1106 Appellant also received twelve years in state prison for the robbery conviction in 88-20660CF and five years in state prison for the grand theft conviction in 88-24028CF. These are the sentences which are the subject of this appeal.
The sentences in 88-20660CF and 88-24028CF exceed the guidelines and no written reasons were given for the upward departure sentences. When originally sentenced in January of 1989 for the robbery and grand theft convictions appellant's scoresheet points indicated a recommended jail sentence of two and a half to three and a half years and a permitted sentence of community control or one to four and a half years in prison. The trial judge chose to impose a downward departure sentence of three years probation. In July of 1989, when appellant was convicted of violating probation, he could have been "bumped up" one cell to the recommended three and a half to four and a half years in prison or the permitted two and a half to five and a half years in prison. See Peters v. State, 531 So.2d 121, 122-23 (Fla. 1988); Washington v. State, 564 So.2d 168 (Fla. 5th DCA 1990).
At resentencing, the trial judge must impose either the recommended or permitted guideline sentence for the robbery and grand theft convictions of this appeal. See Pope v. State, 561 So.2d 554 (Fla. 1990).
Therefore, we clarify the last sentence of the next to last paragraph of our opinion as follows: Reference to the guidelines ranges on the scoresheet for the primary offense that caused appellant to be placed on probation should have been made in order to determine the recommended or permitted "bump up" sentences.
DELL, WARNER and GARRETT, JJ., concur.
NOTES
[1] We note that appellant committed the robbery and grand theft in October of 1988. Therefore, appellant's sentences are subject to the permitted range of the guidelines, not just the recommended range. § 921.0015, Fla. Stat. (Supp. 1988); Fla.R.Crim.P. 3.701(d)(8) and 3.988(c).