DANIEL, Chief Judge.
Verdell Hill appeals, claiming he did not receive proper jail time credit following revocation of his probation. We agree and reverse.
Defendant was convicted in 1988 of unlawful sale and delivery of cocaine. For this conviction, he received a true split sentence of 8¾⅛ years incarceration where, after 8⅛ years of incarceration, the balance would be suspended and he would be released on probation. Following his release, defendant was subsequently charged with violating his probation. He pleaded guilty and his probation was revoked. With the one cell bump-up authorized for violations of probation, the recommended sentencing range was 4½ to 5¥2 years incarceration. The defendant was reincarcerated for a term of 5V2 years with credit for 441 days, presumably the prison time actually served by him on the incarcerative portion of his split sentence.
Our supreme court has held that after a defendant has been released from the in-carcerative portion of the split sentence and his probation is subsequently revoked, he should receive credit for the entire incar-cerative portion of the split sentence regardless of whether he actually served the entire time or was released early due to gain time. See State v. Green, 547 So.2d 925 (Fla.1989). Pursuant to Green, the defendant should have received credit for 3⅛⅛ years instead of 441 days.
Accordingly, we reverse and remand for entry of proper jail time credit.
REVERSED and REMANDED.
GOSHORN and HARRIS, JJ., concur.