569 So.2d 529 (1990)
John William LAPE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-435.
District Court of Appeal of Florida, Fifth District.
November 15, 1990.
James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
John Lape appeals the sentence imposed following his convictions for resisting an officer with violence,[1] fleeing or attempting to elude an officer,[2] and aggravated assault.[3] We reverse and remand for resentencing.
Lape's sentencing guideline scoresheet reflected a recommended range of either community control or 12-30 months incarceration. His "permitted range" included any nonstate prison sanction, community control, or 1-3 1/2 years incarceration. See Fla.R.Crim.P. 3.988(d). Upon conviction, Lape was sentenced to 3 1/2 years incarceration for resisting an officer, 5 years probation *530 for aggravated assault, and one year of probation for fleeing from an officer.
Although Lape committed the offense of resisting an officer on September 25, 1987, he did not commit the aggravated assault offense and fleeing or attempting to elude an officer until August 8, 1989. The amendment to the sentencing guidelines authorizing the expansive "permitted ranges" became effective July 1, 1988. See Ch. 88-131, § 1, Laws of Fla.; In re Sentencing Guidelines, 522 So.2d 374 (Fla. 1988). Lape correctly notes that the permitted ranges were not in effect at the time he committed the offense of resisting an officer with violence, and therefore the 3 1/2 year sentence based on the permitted range was improper. See Washington v. State, 564 So.2d 168 (Fla. 5th DCA 1990) (permitted range cannot be applied to an offense occurring before effective date of amendment); Wiggins v. State, 559 So.2d 262 (Fla. 5th DCA 1990).
Because all convictions pending before the court should be considered together when applying the sentencing guidelines, the sentence and both probationary terms are reversed and the case remanded to the trial court for resentencing. We note that on remand the trial court may correct the sentencing error and obtain the same result by imposing a 3 1/2 year sentence for the aggravated assault, since this offense was committed after the amendment's effective date, and imposing a five year term of probation for resisting an officer.
SENTENCES VACATED; REMANDED FOR RESENTENCING.
DAUKSCH, W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] Section 843.01 Fla. Stat. (1989).
[2] Section 316.1935(1) Fla. Stat. (1989).
[3] Section 784.021(1)(a) Fla. Stat. (1989).