PER CURIAM.
Defendant was sentenced to life imprisonment and a consecutive term of forty years. Under the sentencing guidelines, the recommended range was life imprisonment. The trial court failed to provide contemporaneous written reasons justifying departure. This constituted error. Robinson v. State, 520 So.2d 1 (Fla.1988); Edwards v. State, 570 So.2d 1159 (Fla. 5th DCA 1990). However, because the trial court did not realize that it was imposing a departure sentence, on remand the trial court must be permitted to consider whether departure is appropriate and, if so, to set forth valid reasons for departure. State v. Betancourt, 552 So.2d 1107 (Fla.1989).
We have considered defendant’s other points on appeal and we find them to be without merit.
Therefore, we affirm the convictions and reverse the departure sentence and remand for resentencing.
Judgment AFFIRMED; sentence REVERSED and cause REMANDED.
PETERSON, GRIFFIN and DIAMANTIS, JJ., concur.