PETERSON, Judge.
The trial court sentenced appellant to two concurrent 27-year prison terms on the presumption that the sentence was within the guidelines range after being erroneously informed by the state at the sentencing hearing that the term conformed with a guideline sentence. No objection was made by the defendant at the hearing although the sentence exceeded the maximum guideline range by ten years.
Because the trial court did not realize it was imposing a departure sentence, the trial court must be given an opportunity to depart from the guidelines after remand for resentencing. Osterback v. State, 574 So.2d 327 (Fla. 5th DCA 1991); State v. Betancourt, 552 So.2d 1107 (Fla.1989); Waldron v. State, 529 So.2d 772 (Fla. 2d DCA 1989). The state concedes that, since the appellant committed his crimes prior to July 1, 1988, the permitted guidelines range should not be considered on remand. See Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988), 522 So.2d 374 (Fla.1988).
The appellant’s other point on appeal is without merit.
Judgment AFFIRMED; sentence REVERSED; and cause REMANDED.
GRIFFIN and DIAMANTES, JJ., concur.