PETERSON, Judge.
Anthony Orgen Wright appeals a departure sentence imposed after revocation of community control. We vacate the sentence and remand for resentencing within the guidelines.
Wright was placed on probation for the crimes of grand theft and burglary of a conveyance. He had scored in the first cell on his category six score sheet. When he violated the terms of that probation, the court properly bumped the sentence by one cell pursuant to rule 3.701(d)(14), Florida Rules of Criminal Procedure, and placed Wright on community control. About one year later, Wright admitted violating the terms of community control by being absent from his place of residence or employment on seven occasions. The court then sentenced him to three and one-half years in the Department of Corrections, a two-cell departure from the original recommended range.
The trial court is limited to a one-cell bump from the original recommended sentencing range upon revocation of community control or probation for a second violation. Niehenke v. State, 561 So.2d 1218 (Fla. 5th DCA 1990); Jackson -v. State, 560 So.2d 405 (Fla. 5th DCA 1990); see Ree v. State, 565 So.2d 1329 (Fla.1990); Franklin v. State, 545 So.2d 851 (Fla.1989); Lambert v. State, 545 So.2d 838 (Fla.1989); Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989).
Since Wright did not commit a new substantive offense after July 1, 1988, upon remand, use of the permitted range is prohibited in his resentencing. Washington v. State, 564 So.2d 168 (Fla. 5th DCA 1990). He may be sentenced only within the recommended range in the second cell of his original category six score sheet.
We recognize the severe restrictions placed upon the trial court when sentencing a persistent probation violator and certify the question certified in Niehenke as of great public concern:
WHETHER, IN LIGHT OF FRANKLIN v. STATE, 545 S0.2d 851 (FLA.1989), AND LAMBERT v. STATE, 545 S0.2d 838 (FLA.1989), A TRIAL COURT IS LIMITED TO THE ONE-CELL BUMP IN SENTENCING A MULTIPLE PROBATION VIOLATOR WHO HAS ALREADY SERVED ALL OF THE TIME PERMITTED UNDER THE SENTENCING GUIDELINES, INCLUDING THE ONE-CELL BUMP.
Niehenke v. State, supra, at 1219-20. Sentence VACATED; REMANDED.
GRIFFIN and DIAMANTIS, JJ., concur.