PER CURIAM.
Raising ex post facto grounds, appellant challenges sentences imposed on him for the offenses of sale of cocaine, uttering a forged instrument and resisting arrest with violence. In this regard, we find the court’s analysis in Washington v. State, 564 So.2d 168 (Fla. 5th DCA 1990), to be instructive:
Because the guideline rule “permitted range” concept authorizes increased punishment, the constitutional ex post facto clause prohibits the application of that sentencing concept to offenses that occurred prior to July 1, 1988, the effective date of the statute approving the rule that adopted and incorporated “permitted ranges.” [Footnote omitted].
Washington, 564 So.2d at 169. See also Lape v. State, 569 So.2d 529 (Fla. 5th DCA 1990); Banks v. State, 566 So.2d 366 (Fla. 5th DCA 1990); True v. State, 564 So.2d 1104 (Fla. 4th DCA 1990).
Thus, we find that the lower court appropriately imposed 4½ year terms of incarceration within the “permitted ranges” for resisting arrest with violence (89-1720) and uttering a forgery (88-3232), which offenses postdated the amendment. But we find the 4V2 year term of incarceration imposed for sale of cocaine (88-2051), which offense antedated the amendment, inappropriate. We therefore AFFIRM appellant’s sentences in 89-1720 and 88-3232, but we REVERSE and REMAND his sentence for 88-2051 with directions that the court re-sentence him concurrently to a basic recommended guidelines term not to exceed 3¾⅛ years incarceration for this latter offense.
SHIVERS, C.J., and MINER and WOLF, JJ., concur.