COWART, Judge.
The defendant was convicted of many offenses all scored on one guidelines score-sheet. The scoresheet totalled 165 points and indicated a recommended sentence range of 5V2-7 years incarceration. As to the offense of sale of cocaine contained in Count 1 of Case No. 86-1300 and as to the offense of sale of cocaine contained in Count 1 of Case No. 86-1301, a probationary split sentence was imposed comprised of 5½ years incarceration followed by three years probation. After serving the incar-cerative portion of these sentences the defendant was released on probation and his probation was terminated for violation of conditions not involving a new substantive offense. A new guidelines scoresheet was prepared totalling 220 points and indicating a 9-12 year recommended incarceration range and a 12-17 year permitted incarceration range. The defendant was sentenced to 17 years incarceration and given credit for 922 days.
The defendant filed a Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence alleging his sentence was illegal because: (1) his sentence exceeded the recommended sentencing range under the original guidelines score-sheet plus the one cell bump-up permitted for the violation of probation (Fla.R. Crim.P. 3.701.d.l4.); (2) the permitted range on the new guidelines scoresheet should not have been used because the offense for which he was being sentenced was committed prior to the amendment of guidelines sentencing creating a permitted range; and (3) no reasons for departure were given.
The defendant appeals the denial of this motion.
The original scoresheet, adjusted for the one cell bump-up permitted by Rule 3.701.- *911 d.14. for violation of probation, should have been used for sentencing rather than the new scoresheet. Graham v. State, 559 So.2d 343 (Fla. 4th DCA 1990); Senior v. State, 502 So.2d 1360 (Fla. 5th DCA), rev. denied, 511 So.2d 299 (1987), disapproved of in part, in Goene v. State, 577 So.2d 1306 (Fla.1991); see also Riggins v. State, 477 So.2d 663 (Fla. 5th DCA 1985); Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985).
The permitted range on the new score-sheet should not have been used ex post facto to calculate a sentence for the defendant’s offenses which occurred in 1986 prior to the amendment authorizing a permitted range which became effective July 1, 1988.[1] Lape v. State, 569 So.2d 529 (Fla. 5th DCA 1990); Washington v. State, 564 So.2d 168 (Fla. 5th DCA 1990); Wiggins v. State, 559 So.2d 262 (Fla. 5th DCA 1990).
When the defendant is resentenced on remand he will be entitled to full credit against his sentence for proper gain time earned. State v. Green, 547 So.2d 925 (Fla.1989); Johnson v. State, 574 So.2d 222 (Fla. 5th DCA 1991); Hill v. State, 565 So.2d 919 (Fla. 5th DCA 1990); Brown v. State, 565 So.2d 904 (Fla. 5th DCA 1990); Little v. State, 561 So.2d 442 (Fla. 5th DCA 1990); McLaughlin v. State, 558 So.2d 1101 (Fla. 5th DCA 1990); Tillman v. State, 552 So.2d 1187 (Fla. 5th DCA 1989); Kelly v. State, 552 So.2d 1140 (Fla. 5th DCA 1989); Johnson v. State, 548 So.2d 1184 (Fla. 5th DCA 1989).
The defendant’s sentences are vacated and the cause remanded for resentencing consistent with this opinion.
SENTENCES VACATED; CAUSE REMANDED.
W. SHARP and PETERSON, JJ„ concur.

. See Ch. 88-131, § 1, Laws of Florida; In re Sentencing Guidelines, 522 So.2d 374 (Fla.1988).