PETERSON, Judge.
Willie James Gould appeals his sentence for attempted robbery. He claims that, even with enhancement by the habitual offender statute, section 775.084(4)(a)3, Florida Statutes (1989), the sentence exceeds the statutory maximum. We vacate the sentence for the attempted robbery.
In addition to the attempted robbery conviction, Gould also was convicted of three counts of robbery with a deadly weapon. He was sentenced as a habitual offender to seventeen years’ incarceration for the attempt, with concurrent terms of natural life for the three robberies. The life sentences were suspended, conditioned upon completion of fifteen years’ probation consecutive to the seventeen-year sentence imposed on the attempt conviction.
Attempted strong arm robbery is a felony of the third degree. §§ 777.04(4)(c), 812.13(2)(c), Fla.Stat. (1989). The enhanced *233 statutory maximum penalty is ten years for a third-degree felony under the habitual offender statute, section 775.084(4)(a)3, Florida Statutes (1989). Therefore, the seventeen-year sentence for the attempted robbery exceeds the statutory maximum by seven years.
While conceding the error, the state urges that the sentences for all four offenses should be reversed to ensure that Gould receives a total of seventeen years’ incarceration. The state relies on the sentencing guideline principle that all sentences imposed under a single scoresheet must be remanded when there is an error in the score. See, e.g., Lape v. State, 569 So.2d 529 (Fla. 5th DCA 1990). The problem with this reliance is that a scoresheet is irrelevant when a defendant is sentenced as a habitual offender. See § 775.084(4)(e), Fla.Stat. (1989). Careful consideration must be given to the sentence imposed simultaneously for each crime lest the conviction or sentence for one or more of the crimes is reversed. Since Gould’s sentence for the attempted robbery is the only one exceeding the statutory maximum, we can vacate only that one. The remaining sentences are valid.
We vacate only the sentence for the attempted robbery and remand for resentenc-ing.
Sentence VACATED; REMANDED.
DAUKSCH and W. SHARP, JJ„ concur.