PER CURIAM.
David Lee Hodges petitions this Court for a writ of habeas corpus. We grant the petition.
First, Hodges contends, and the State properly concedes, that he was improperly sentenced pursuant to the permitted ranges contained in the 1988 sentencing guidelines. When Hodges committed his offenses on January 29, 1988, the 1988 sentencing guidelines had not yet been approved by the Florida Supreme Court and adopted by the Florida Legislature. See Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules S.701 and 3.988), 522 So.2d 374 (Fla.1988). Therefore, because Hodges was sentenced pursuant to the permitted ranges in the 1988 sentencing guidelines that were not available in the 1985 sentencing guidelines, Hodges’ sentence must be reversed and remanded for resentencing pursuant to the 1985 sentencing guidelines. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).
Next, Hodges contends that he was improperly assessed 226 points for two counts of second degree murder as a life felony and that this error resulted in a higher cell tier.[1] Although the State concedes that this was error because second degree murder is a first degree felony punishable by life and that only 195 points should have been assessed for these two counts, the State contends that another error in scoring the defendant’s prior record for aggravated robbery with a weapon makes the first scoring error harmless as he would remain in the same cell tier. On remand, the trial court should be provided with a corrected sentencing scoresheet.
*888 Accordingly, the petition is granted. We reverse and remand for resentencing pursuant to the 1985 sentencing guidelines.

. In the 1988 sentencing guidelines, the recommended range for Hodges’ primary offense is the same as in 1985 sentencing guidelines.