508 So.2d 522 (1987)
Herman Dwayne BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-647.
District Court of Appeal of Florida, Second District.
June 10, 1987.
*523 FRANK, Judge.
Herman Brown appeals from an order summarily denying his motion for postconviction relief filed with the trial court pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. We reverse because of the particularly unique circumstances before us.
Brown maintains that his sentencing guideline scoresheet reflected 24 points for "victim injury" notwithstanding that such injury was not an element of any of the offenses for which he was convicted, i.e., robbery, kidnapping, grand theft and burglary.[1] If Brown's contention is factually correct, adding 24 points to the scoresheet was improper. Toney v. State, 456 So.2d 559 (Fla. 2d DCA 1984). Thus, Brown claims that the deletion of the extra points results in a reduction in the range of the presumptive sentence. It is our view that Brown's motion generates a question of law which may be raised at any time free from a requirement that the error be preserved by a contemporaneous objection or presented in an appeal. Fla.R.Crim.P. 3.800(a).[2] The sentence imposed upon Brown, if his position is factually sound, is illegal. State v. Whitfield, 487 So.2d 1045 (Fla. 1986); see Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987).
The trial court did not impose a presumptive sentence upon Brown; instead it departed upward.[3] If his present challenge to the sentence were urged on appeal, and were supported by the record, we would be compelled to reverse in the absence of evidence disclosing beyond a reasonable doubt that the trial court would have departed to the extent it did notwithstanding that the presumptive sentence was less than that indicated by the scoresheet. Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985); Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985). Thus, the significant question Brown raises, and the only one we answer, is whether Rule 3.800(a), as amended in Whitfield, applies when the presumptive sentence is initially miscalculated and the trial court subsequently determines that enhancement is warranted for clear and convincing reasons. We answer in the affirmative. Parker v. State, 506 So.2d 86 (Fla. 2d DCA 1987).
We emphasize the difference between correcting an error which, if Brown's factual allegations are true, is plain, and determining whether that error affected the ultimate sentence. Hence, upon remand the trial court is first to determine whether Brown's scoresheet includes the additional points for victim injury. If it does not, the court may again deny the motion but either a scoresheet or other evidence relied upon to support its finding should be attached to the order. If, on the other hand, the scoresheet confirms the validity of Brown's factual assertion, the trial court should then examine the record to determine whether scoring victim injury was proper. If the *524 addition of points for victim injury is justified, any evidence indicating that the additional 24 points are proper should be attached to the trial court's order. Alternatively, if the 24 points did not affect the presumptive sentence, the error is harmless and Brown's motion may properly be denied. Bradley v. State, 480 So.2d 647 (Fla. 2d DCA 1985), petition for review dismissed, 486 So.2d 595 (Fla. 1986). Moreover, if Brown's factual allegations prove to be correct from the record as it presently exists, the motion may nonetheless be denied without a hearing but only if the trial court demonstrates that the departure sentence would have been imposed notwithstanding the scoresheet error.
Reversed and remanded for further proceedings consistent with this opinion.
LEHAN, A.C.J., and SANDERLIN, J., concur.
NOTES
[1] The elements of kidnapping can include an intent to inflict bodily harm upon the victim. § 787.01(1)(a)(3), Fla. Stat. (1985). Where a statutory violation is capable of occurring in more than one manner, one of which involves physical contact, victim injury can be scored if the charging instrument alleges and the evidence demonstrate physical contact. Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), quashed on other grounds, 489 So.2d 1130 (Fla. 1986). However, Brown states he was charged under section 787.01(1)(a)(2), kidnapping with the intent to facilitate the commission of another felony, and that neither the information nor the evidence support a finding that victim injury was an element of that offense.
[2] A trial court has authority to correct a sentence pursuant to Rule 3.800 in the circumstance where Rule 3.850 has been invoked. DeSantis v. State, 400 So.2d 525 (Fla. 5th DCA 1981).
[3] We affirmed the validity of the departure grounds in Brown v. State, 472 So.2d 1188 (Fla. 2d DCA 1985).