512 So.2d 308 (1987)
Frederick H. SCHNEIDER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2025.
District Court of Appeal of Florida, Second District.
September 11, 1987.
PER CURIAM.
Frederick Schneider appeals from the summary denial of a motion to correct sentence. Because we are unable to conclude on the basis of the record before us that Schneider is not entitled to relief, we remand for further proceedings.
The sentences under attack total twenty-five years and were imposed in 1987 upon a finding that Schneider violated the terms and conditions of a 1983 probationary term. Schneider alleges that he requested sentencing under the guidelines at his 1987 hearing, and that the presumptive sentence was in the four-year range. He further states that the court imposed the present sentence although no scoresheet was prepared as required by the rule. Fla.R. Crim.P. 3.701(d)(1). The problem is compounded by the fact that, although Schneider's sentence most certainly represents an upward departure, the record as it has come to this court also reveals no written order stating reasons for departing from the guidelines.
We are of the opinion that in at least some cases the total absence of a sentencing guidelines scoresheet could present the sort of error cognizable either on direct appeal or by Florida Rule of Criminal Procedure 3.800(a) as amended in State v. Whitfield, 487 So.2d 1045 (Fla. 1986). Just as with an incorrect scoresheet, the trial court cannot know the proper sentence to impose, whether to depart, or to what extent to depart, if it has not first calculated the recommended guideline sentence. See, e.g., Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987). We recognize that the absence of a scoresheet does not render a sentence invalid in all cases. Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986); Davis v. State, 461 So.2d 1361 (Fla. 2d DCA), petition for review denied, 471 So.2d 43 (Fla. 1985). However, given the record before us it is not possible to state whether one of these exceptions applies to Schneider's case.
After remand the trial court should first determine whether Schneider's allegations are true. If he is incorrect and there actually was a scoresheet, the attachment of such a document to the court's order should support denial of the motion. If, on the other hand, no scoresheet was prepared the court must then determine whether the files and records in the case support a *309 finding that this omission did not affect the outcome of the case, and should attach to its order whatever evidence it considers relevant to this issue. If the court cannot refute Schneider's contention that there was no justification for failing to compile a scoresheet, and the proper sentence is as Schneider has calculated it, a proper scoresheet must be prepared and the appellant must be resentenced. If the court imposes a sentence which exceeds the recommended guidelines sentence it must be supported by written reasons justifying departure. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Reversed.
RYDER, A.C.J., and CAMPBELL and FRANK, JJ., concur.