515 So.2d 268 (1987)
Ernest ORSI, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1128.
District Court of Appeal of Florida, Second District.
October 9, 1987.
FRANK, Judge.
Ernest Orsi appeals from an order summarily denying his motion for postconviction relief. We affirm.
Orsi is serving a twenty-year sentence for attempted sexual battery. The sentence *269 followed a guilty plea and, although the sentence was a departure from the recommended guidelines range, Orsi did not appeal. Orsi now claims that his sentencing guidelines scoresheet was miscalculated. He appears to be correct.
Errors in a sentencing guidelines scoresheet which result in an illegal sentence may be corrected at any time pursuant to Florida Rule of Criminal Procedure 3.800(a). State v. Whitfield, 487 So.2d 1045 (Fla. 1986). We have recognized that a scoresheet error may require correction even where the imposed sentence represents a valid departure from the presumptive sentence. Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987). Nevertheless, for the reasons which follow, we conclude that Orsi is not entitled to relief. The record reflects that Orsi originally was charged with sexual battery, a capital felony. § 794.011(2), Fla. Stat. (1987). Rather than face the possibility of receiving a mandatory life sentence Orsi was permitted to plead to the reduced charge of attempted sexual battery. In exchange for the reduction, Orsi stipulated to the twenty-year sentence. Under similar circumstances the court in Grimes v. State, 499 So.2d 42 (Fla. 1st DCA 1986), upheld a departure guidelines sentence. We are convinced that Orsi would have received the same sentence notwithstanding the scoresheet error. Therefore a remand for the correction of the scoresheet and for resentencing would serve no useful purpose. Brown.
Affirmed.
RYDER, A.C.J., and LEHAN, J., concur.