514 So.2d 1159 (1987)
Raymond A. DUPONT, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2563.
District Court of Appeal of Florida, Second District.
November 6, 1987.
*1160 DANAHY, Chief Judge.
Raymond Dupont appeals from the summary denial of his motion to correct sentence. We reverse.
The facts underlying the motion are not in dispute. Dupont was charged with four counts of sexual battery and one count of failure to appear. On October 20, 1986, he entered a plea of nolo contendere to all charges and received a sentence of seventeen years. This sentence was within the range recommended by the guidelines as they existed at the time of sentencing. However, the information charging sexual battery alleged that all four of the offenses had occurred "between and including May 1, 1984, through May 14, 1984." On May 8, 1984, the supreme court approved modifications to the guidelines which included enhancement of scoring procedures for sexual offenses. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). These proposed changes were subsequently approved by the legislature, but did not become effective until July 1, 1984. Ch. 84-238, Laws of Florida. Had Dupont's convictions been scored under the version of the guidelines in effect on May 14, 1984, the maximum recommended penalty would have been only twelve years. See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983).
When it chose to apply the more severe modified guideline scoring procedure, the court which originally sentenced Dupont followed the status of the law as it had been set forth in the appellate decisions in effect at that time, and which held that modifications in the guidelines were procedural in nature even if those modifications resulted in a sentence higher than would have been recommended previously. State v. Jackson, 478 So.2d 1054 (Fla. 1985). Subsequently, however, the United States Supreme Court held that retroactive application of more severe guideline scoring mechanisms violates constitutional proscriptions against ex post facto laws. Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), after remand, 512 So.2d 198 (Fla. 1987). Therefore our threshold question must be whether Miller should receive retroactive application. We conclude that it must.
Changes in guideline case law, such as those which disapprove reasons for departure previously considered acceptable, generally are not considered retroactive. See, e.g., McCuiston v. State, 507 So.2d 1185 (Fla.2d DCA 1987). Ardley v. State, 491 So.2d 1259 (Fla. 1st DCA 1986). Additionally, guideline-related errors which could be raised on appeal may not, in most cases, serve as a basis for postconviction relief. See, e.g., Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986). Of course, given the status of the law at the time of sentencing in the present case, Dupont would have had no reason to base an appeal on the scoring method utilized by the sentencing judge. Furthermore, one exception to *1161 these general rules has arisen. In State v. Whitfield, 487 So.2d 1045 (Fla. 1986), the supreme court amended rule 3.800(a), Florida Rules of Criminal Procedure, to permit a court to correct at any time "an incorrect calculation made by it in a sentencing guidelines scoresheet."
Later case law has construed this concept of "scoresheet error" to involve only technical miscalculations apparent from the face of the record, that is, mistakes of law rather than of fact. See, e.g., Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987). For example, in Whitfield the error was the addition of points for "victim injury" where not authorized by the rule. In State v. Chaplin, 490 So.2d 52 (Fla. 1986), a prior conviction for assault with intent to commit robbery was erroneously scored as a "prior Category 3 [robbery] offense." And, in Schneider v. State, 512 So.2d 308 (Fla. 2d DCA 1987), this court recently held that the absence of a scoresheet, insofar as that could contribute to an inability to determine the proper guideline sentence, could be "scoresheet error." The Miller problem similarly presents a purely legal/computational error. Rather than no scoresheet, it involves use of the wrong scoresheet. Thus we hold that an effort to correct such an error through postconviction motion is authorized by rule 3.800(a) as amended by Whitfield.
After remand the trial court should first ascertain whether, at the time of sentencing, all parties understood and agreed that sentence was to be imposed within the guideline range. If so Dupont must be resentenced in accordance with the guidelines in effect at the time of his offense. If, on the other hand, it can be shown that the seventeen-year total was derived in some fashion other than reliance upon the guideline recommendation, such as a deliberate upward departure or a plea bargain, and that the same sentence would be imposed notwithstanding the corrected scoresheet, the court would be justified in again denying Dupont's motion. Orsi v. State, 515 So.2d 268 (Fla. 2d DCA 1987); Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987). Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Reversed.
SCHOONOVER and LEHAN, JJ., concur.