HALL, Judge.
Appellant appeals the denial of his motion to correct sentence, contending that his sentencing guidelines scoresheet was prepared in violation of Miller v. Florida, — U.S. —, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), after remand, 512 So.2d 198 (Fla.1987).
Appellant was convicted of two drug-related offenses, one a misdemeanor. He alleges that in January 1985, when these offenses were committed, the existing version of the sentencing guidelines would have called for a prison sentence of three and one-half to four and one-half years. However, in April 1985, after appellant’s arrest but prior to sentencing, the supreme court approved modifications to the guidelines, which applied to the facts of this case enhanced the presumptive sentence to four and one-half to five and one-half years. The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988—Sentencing Guidelines), 468 So.2d 220 (Fla. 1985). These revisions did not become law until the legislature adopted them effective October 1, 1986. Chapter 86—273, § 2, Laws of Florida.
This is not the exact situation presented by Miller v. Florida, which concerned the correct application of two competing scoring mechanisms, one geared to the date of the offense and the other to the date of sentencing but both already enacted into law when applied. This court has recently concluded that the holding in Miller applies retroactively and that the issue can be raised at any time pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Dupont v. State, 514 So.2d 1159 (Fla. 2d DCA 1987). An impending rule change has never constituted valid grounds for departing from the recommended guideline sentence, either before or after the decision in Miller. Hopper v. State, 465 So.2d 1269 (Fla. 2d DCA), petition for review denied, 475 So.2d 696 (Fla.1985). However, for the same reasons underlying our decision in Dupont, we believe that the appellant’s complaint is appropriate for postconviction review pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, as amended in State v. Whitfield, 487 So.2d 1045 (Fla.1986).
Appellant does not specify which of the numerous revisions to the guidelines embodied in the April 1985 supreme court opinion were applied to his detriment. The trial court’s order affirms that appellant received a five-year sentence, as he contends in his motion. However, the trial court further stated in its order that the sentence reflects the guidelines in effect at the time of the offenses. The scoresheet used to determine appellant’s sentence, insofar as it should have been prepared pursuant to rule 3.988, should reveal whether the earlier or later edition of the rule was followed, but this document is not in the record before us. As a result we are unable to determine exactly how the sentence was calculated or whether the sentencing *394 court followed the appropriate version of the rule, and we must remand this case to the trial court for further consideration.
After remand the trial court may again deny the motion, attaching sufficient documentation from the record to demonstrate that appellant is not entitled to relief. Alternatively, the court may prepare a new scoresheet utilizing the guidelines as they existed at the time of appellant’s crimes and, if the maximum sentence is indeed less than that actually received by appellant, correct the sentence accordingly. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Reversed.
SCHEB, A.C.J., and RYDER, J., concur.