544 So.2d 1035 (1989)
William Leroy DAUM, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01939.
District Court of Appeal of Florida, Second District.
May 3, 1989.
Rehearing Denied June 19, 1989.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
*1036 HALL, Judge.
William Leroy Daum appeals from the judgment and sentence imposed upon him following revocation of his community control. He argues that the trial court erred in allowing the addition of eighty points to his guidelines score for victim injury. We reverse.
The appellant was charged by information with: count I, sexual battery on a child; count II, attempted sexual battery on a child; count III, lewd assault on a child; and count IV, lewd act in the presence of a child.
Under a negotiated plea, the appellant pled no contest to lewd assault on a child, a lesser included offense of the sexual battery originally charged in count I, and to counts III and IV as charged. Under the terms of the agreement, the state entered a nolle prosequi to count II, attempted sexual battery on a child.
A scoresheet was prepared which included eighty points for victim injury (forty points for each count of lewd assault), specifically for "penetration or slight injury". The appellant was sentenced below the guidelines in accordance with the negotiated plea to one year in county jail, followed by two years' community control, followed by ten years' probation for each count, all sentences to run concurrently.
The appellant then violated the terms of his community control. At the appellant's violation hearing, a new scoresheet was prepared. The appellant's score again included eighty points for victim injury. At that time and again at the sentencing hearing, the appellant objected to the eighty points and argued that since he was not convicted of sexual battery, he should not have been scored forty points for "penetration or slight injury" for each of the counts, I and III. The trial court rejected the appellant's arguments and sentenced the appellant to twelve years in prison.
We find that the trial court erred in allowing the inclusion of forty points for "penetration or slight injury" for counts I and III since the appellant pled no contest to charges of lewd assault rather than sexual battery. See O'Bright v. State, 508 So.2d 385 (Fla. 1st DCA 1987). Therefore, only twenty points for "contact but no penetration" should have been assessed for each of those counts.
The appellee argues that the appellant failed to contest the correctness of the guidelines scoresheet at the time the initial sentence was imposed and that he could not wait until the revocation hearing to challenge the scoresheet.
However, the question of how many points should be scored for victim injury is a question of law which may be raised at any time. Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987).
Accordingly, we reverse this case and remand for correction of the scoresheet to reflect forty points for victim injury and for resentencing under the modified scoresheet.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.