DAUKSCH, Judge.
This is an appeal from a guideline sentence. The state maintains the sentencing judge erred in failing to assess points against appellee because he committed the crime while in custody serving a sentence. Rule 3.701(d)(6) in conjunction with Rule 3.988(i) says that persons who are in custody serving a sentence and who then commit another crime shall have twenty-four points scored against them, thus increasing the sentence in many cases.
The crime appellee committed was escape, so “in custody serving a sentence” is an element of the crime of escape and thus was factored into the primary offense at conviction. Without his having been in custody he would not have committed this crime of escape.
Brown v. State, 502 So.2d 1293 (Fla. 1st DCA 1987) is on point and says “[t]his construction of the rule is consistent with the notion that legal constraint is an essential element of the crime of escape and thus should not be used as a ground for enhancing the sentence to be imposed.” This logic is inescapable,
AFFIRMED,
COBB and DANIEL, JJ., concur.