PER CURIAM.
Clarence Marshall, convicted of escape, contends on appeal that the addition of twelve points to his sentencing guidelines scoresheet for legal constraint pursuant to Florida Rule of Criminal Procedure 3.701(d)(6) was erroneous because such constraint is an essential element of the offense for which he was convicted. See Sullivan v. State, 553 So.2d 348 (Fla. 4th DCA 1989); State v. Chenault, 543 So.2d 1314 (Fla. 5th DCA 1989); Brown v. State, 502 So.2d 1293 (Fla. 1st DCA 1987). See also, Miller v. State, 549 So.2d 1106, 1109 (Fla. 2d DCA 1989).
We need not resolve this question, however, because the addition of points for legal constraint did not place Marshall in a higher guidelines range than otherwise. Appellate counsel appears to concede this point, but claims that trial counsel also objected to the addition of two points under prior record which, when added to the points for legal constraint, would affect the scoresheet cell into which Marshall fell. Our examination of the record does not convince us that a sufficient challenge was made to the scoring of Marshall’s prior record.
Marshall also argues, and we agree, that the trial court erred in imposing court costs without prior notice to Marshall or the opportunity to be heard. Mays v. State, 519 So.2d 618 (Fla.1988). Accordingly, we strike the cost provision without prejudice to the state to seek reimposition after proper notice.
Affirmed in part, reversed in part, and remanded with instructions.
SCHEB, A.C.J., and LEHAN and HALL, JJ., concur.