PER CURIAM.
Frank C. Salemi appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
In August 1989, Salemi pleaded nolo con-tendere to three counts of engaging in sexual activity with a child. Pursuant to plea negotiations, Salemi was sentenced to concurrent terms of twenty years’ incarceration, which were suspended to one year community control, to be followed by nineteen years’ probation. The sentences were *118 departures from the guidelines range of twelve to seventeen years’ incarceration. Salemi filed an unsuccessful motion for mitigation and reduction of the sentences, but did not otherwise appeal or collaterally attack the judgments and sentences.
In November 1989, the trial court revoked Salemi’s probation for alleged technical violations and sentenced him to three concurrent terms of twenty years’ incarceration, with credit for time served. Salemi apparently pleaded guilty to the probation violations. He did not appeal the revocation of probation or the sentences.
In June 1990, Salemi filed his motion pursuant to rule 3.850 and alleged four grounds for relief, only one of which is facially sufficient. Specifically, Salemi alleged that his plea to the violation of probation charges was involuntary and that his trial counsel was ineffective because counsel led him to believe that if he pleaded guilty to the violations, the court would sentence him to twenty years imprisonment, suspended to two years’ “house arrest,” followed by eighteen years’ probation. The trial court denied the motion without an evidentiary hearing, and attached the written plea form signed by Salemi when he pleaded nolo contendere to the initial charges in August 1989. This does not conclusively refute Salemi’s allegation that his guilty plea to the probation violations was involuntarily given on the mistaken advice of counsel. See Sawyers v. State, 566 So.2d 942 (Fla. 2d DCA 1990).
Accordingly, we reverse that part of the order denying this allegation in Salemi’s motion, affirm the remainder of the order, and remand the case to the trial court. On remand, unless the case files and records conclusively show that Salemi is not entitled to relief, the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Salemi’s allegation. Any party aggrieved by the subsequent action of the trial court must file a notite of appeal within thirty days to obtain appellate review.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.