PER CURIAM.
Reginald S. White appeals from the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). There is no merit to White’s first claim. Because the trial judge did not attach to his order denying the motion any portion of the files or record refuting White’s allegations, we are unable to conclude that White is not entitled to relief on his second and third claims.
After having been found in violation of his probation, White was sentenced to fifteen years imprisonment. White’s second and third claims involve his contention that his sentence is illegal because the court used a new scoresheet, rather that the original scoresheet. The use of no scoresheet or the wrong scoresheet is a “scoresheet error” that can be raised in a rule 3.800(a) motion. See Schneider v. State, 512 So.2d 308 (Fla. 2d DCA 1987); Dupont v. State, 514 So.2d 1159 (Fla. 2d DCA 1987). An additional problem in this case is that it appears that the appellant’s offense was committed prior to the effective date of the sentencing guidelines. If so, White’s claims would only have merit if he had affirmatively elected guidelines sentencing at the time of his sentencing. Without any information from the record, this court is unable to properly review the claims.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court should first determine whether White was sentenced under the guidelines. If he was, and there was a correct score-sheet, the attachment of the scoresheet to the court’s order should support denial of the motion. If White did not elect guidelines sentencing, and was not sentenced under the guidelines, portions of the record in support thereof should be attached to the court’s order. If the court files do not refute White’s contentions, a proper score-sheet must be prepared and White must be resentenced. If the court should again deny appellant’s motion, he has thirty days in which to appeal.
Reversed and remanded.
SCHOONOVER, C.J., and PATTERSON and BLUE, JJ., concur.