605 So.2d 511 (1992)
Silas V. MORRIS, Appellant,
v.
STATE of Florida, Appellee.
Glaros KONSTANTINOS, Appellant,
v.
STATE of Florida, Appellee.
Raul LEVERETT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 92-01262, 92-02392 and 92-02488.
District Court of Appeal of Florida, Second District.
September 4, 1992.
Rehearing Denied September 29, 1992.
*512 PER CURIAM.
Because these three postconviction appeals involve the same issue, one which we regard to be of great public importance, we have consolidated them for disposition.
All three appellants base their motions, at least in part, upon Karchesky v. State, 591 So.2d 930 (Fla. 1992).[1]Karchesky involved the crime of "carnal intercourse," known in the vernacular as "statutory rape." § 794.05, Fla. Stat. (1991). Apparently the offense was consummated by the mere fact of intercourse with an underage person, with no allegation of force or injury. Nevertheless, Karchesky's scoresheet included points for victim injury based on "penetration." The Fifth District Court of Appeal, reviewing the denial of Karchesky's motion to correct sentence, considered the scoresheet correct. 568 So.2d 80 (Fla. 5th DCA 1990). However, the supreme court held that "penetration which does not cause ascertainable physical injury ... does not result in victim injury as contemplated by the rule." 591 So.2d at 932. See also In re Florida Rules of Criminal Procedure, 509 So.2d 1088, 1089 (Fla. 1987); Thompson v. State, 483 So.2d 1 (Fla. 2d DCA 1985); Committee Note, Fla. R.Crim.P. 3.701(d)(7).
The problem can be traced to the form scoresheet utilized for sex offenders  the so-called "category 2 offenses." Fla. R.Crim.P. 3.988(b). As noted by former Chief Justice Shaw in his dissent to Karchesky, this form differs from the eight other offense categories in the manner by which victim injury is calculated. 591 So.2d at 933-4. Each category except 2 includes four gradations escalating from "none" through "slight" and "moderate" to "death or severe." The form for sex offenses, however, distinguishes victim injury as follows: "no contact," "contact but no penetration," "penetration or slight injury," and "death or serious injury." As Karchesky confirms, the terms "penetration" and "injury" are not necessarily synonymous. Consequently the appellants in the three cases now before us, and presumably many others, may have seen their sentences enhanced for contact that would not be injurious under the new Karchesky standard.
Returning to the three cases presently before us, the dispositive facts are as follows:
(1) Morris v. State. Silas Morris entered a plea of nolo contendere to lewd assault, a violation of section 800.04, Florida Statutes. Following his plea Morris was placed on community control for a period of two years, to be followed by five years' probation. This was consistent with the guideline recommendation of community control or twelve to thirty months in prison. However, Morris's guideline scoresheet included twenty points for "victim injury." See Fla. R.Crim.P. 3.988(b)(V). Without the addition of these points  the gravamen of Morris's present appeal  he would have fallen instead into the first "cell," calling for *513 "any nonstate prison sanction."[2]
Morris now asserts that "no contact with the victim was made." No other relevant facts are provided in the motion. The trial court, in denying the motion, pointed out that Morris was accused of touching the victim in the vaginal area "without committing a sexual battery," justifying twenty points for "contact." But for Karchesky we would affirm. In essence Morris is utilizing rule 3.800(a) to raise a factual dispute not readily apparent from the scoresheet itself. In Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987), we specifically found such controversies to be outside the scope of rule 3.800(a) as amended in State v. Whitfield, 487 So.2d 1045 (Fla. 1986). However, we believe Karchesky involves a form of scoresheet error which is readily ascertainable from the face of the record, and therefore correctable notwithstanding our holding in Lomont. This is so because the error, although to some extent fact-bound, results from a methodology of scoring now discredited. In other words, the scoresheet itself is fundamentally flawed regardless of the facts of the case.
(2) Konstantinos v. State. Here again we ordinarily would hold that the issue should have been preserved by contemporaneous objection and thereafter litigated, if at all, on plenary appeal. Lomont. Glaros Konstantinos is serving a split sentence for several different sex crimes.[3] His guideline scoresheet indicates the inclusion of forty "victim injury" points, signifying "penetration or slight injury." As in Morris the presumptive sentence would have been less without the addition of these points. If anything, Konstantinos's motion is even more deficient than Morris's. He states only that "[d]uring ... trial, no evidence was presented which indicated the victim received any physical injury ... [t]herefore, Defendant must assume that the Trial Court assessed the victim injury points for penetration." Nevertheless, because the scoresheet is erroneous per se, Konstantinos too is entitled to resentencing.
(3) Leverett v. State. Raul Leverett pled guilty to five counts of attempted sexual battery, two counts of lewd assault, and violation of probation.[4] The five counts of attempt represent reductions of the original charges, sexual battery upon a child under twelve. § 794.011(2), Fla. Stat. (1991). For each of three counts of attempt Leverett was sentenced to thirty years, all sentences running concurrently. Additionally, a concurrent fifteen-year sentence was imposed for the violation of probation. A consecutive sentence of five years was imposed for one count of lewd assault, resulting in a total incarceration of thirty-five years. Finally, probationary terms totalling thirty years follow the prison sentence. The sentence is consistent with the guideline recommendation. Leverett's scoresheet includes forty points for victim injury; this figure results from doubling the twenty points for "contact but no penetration," due to multiple counts involving contact with the victim. See Fla. R.Crim.P. 3.701(d)(7). As in the other cases, scoring victim injury enhances the presumptive sentence by one "cell."
Leverett's situation is somewhat more complicated than the two foregoing cases, in that it is not clear that the Karchesky error has prejudiced him. First of all, the state appears to have given up its right to pursue a capital life sentence. Cf. Orsi v. State, 515 So.2d 268 (Fla. 2d DCA 1987) (quid pro quo of plea bargain may justify guideline departure). The specific length of the sentence, including consecutive probation, was made a specific condition of the plea. Although a guideline *514 scoresheet was prepared  one which, as noted, coincides with the actual sentence  it is not certain that the state agreed, in addition to reducing the charges, that Leverett should receive a guideline-consistent sentence.[5] If not, the error may be irrelevant. On the other hand, even a departure sentence may be revisited if scoresheet error arguably contributed to the length of that sentence. Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987). If the state did specifically agree to sentence within the guideline range, they may be held to that bargain even if Karchesky requires a modification in Leverett's favor.
Having concluded that these cases must be reversed for correction of sentence, the question next arises how the trial courts should proceed after remand. Each of the appellants appears to believe he is entitled simply to have the "injury" points deleted and his sentence thereby reduced. We stop short of such a requirement. Nothing in the Karchesky decision suggests that a sex offender, like any other convicted felon, should not be penalized for inflicting physical injury. Accordingly, we believe the trial courts may conduct a de novo sentencing hearing at which time the extent of actual injury may be debated by the parties.[6] Rather than the current four-tier breakdown of Category 2, the trial courts should instead consider whether the injury was nonexistent, slight, moderate, or severe  that is, they should employ the same standards they would use with nonsexual offenses. If no appreciable physical injury occurred, no points should be awarded. "Slight" injury would mandate the inclusion of twenty points, the amount currently provided for "contact but no penetration." Similarly, moderate injury would demand forty points and severe injury, eighty-five points.
Because this suggested procedure does involve ad hoc synthesis of existing rules in the absence of explicit supreme court guidance, we certify the following question of great public importance:
UPON DETERMINING THAT A DEFENDANT HAS BEEN SENTENCED IN VIOLATION OF KARCHESKY v. STATE, 591 So.2d 930 (Fla. 1992), MAY THE COURT NEVERTHELESS SCORE "VICTIM INJURY" WHERE ACTUAL PHYSICAL INJURY HAS OCCURRED?
Reversed.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.
NOTES
[1] The Karchesky issue is the only significant point raised by Morris's motion, and the only one deserving of further action by the trial court. It is the sole issue raised by Konstantinos. Leverett's motion raises numerous issues, but with the exception of the scoresheet problem discussed herein, all are either facially insufficient or refuted by the record.
[2] Morris subsequently violated community control. His sentence, adjusted upward one cell by virtue of Florida Rule of Criminal Procedure 3.701(d)(14), remains consistent with the guideline recommendation, and the inclusion of points for victim injury continues to affect the length of sentence.
[3] His motion lists these as sexual battery upon a person twelve years of age or older, § 794.011(5), Fla. Stat. (1991), attempted sexual battery, and lewd assault, § 800.04(1), Fla. Stat. (1991).
[4] The underlying offense is also lewd assault. § 800.04, Fla. Stat. (1975, 1991).
[5] A specific promise of a guideline or belowguideline sentence may be violated by the utilization of an incorrect scoresheet. Johnson v. State, 523 So.2d 755 (Fla. 2d DCA 1988), and see Cannon v. State, 548 So.2d 1182 (Fla. 2d DCA 1989).
[6] Additionally, as noted above, the trial court should consider whether Leverett is estopped from raising the Karchesky issue.