615 So.2d 705 (1992)
Michael JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04013.
District Court of Appeal of Florida, Second District.
December 9, 1992.
Rehearing Denied January 8, 1993.
*706 PER CURIAM.
Michael Jones appeals the summary denial of his motion to correct sentence. We reverse.
Jones is serving a life sentence for burglary and four counts of sexual battery. The sentence is consistent with the guideline recommendation. However, Jones now questions the addition of 160 scoresheet points for "victim injury." According to Jones, correction of the asserted errors would reduce the recommended sentence to a maximum of 40 years.
In response to Jones's motion the trial court found that the sentencing judge "was well aware of defendant's criminal history" and would have imposed a life sentence anyway under the "permitted range." See Fla.R.Crim.P. 3.701(d)(8). Permitted ranges were incorporated into the sentencing guidelines rule "to expand the discretion of the sentencing courts." Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 and 3.988), 522 So.2d 374, 375 (Fla. 1988). However, this rule revision was not adopted until 1988, whereas Jones's offenses took place in 1986. Ex post facto application of the amended rule to Jones's convictions would be impermissible. Strickland v. State, 596 So.2d 1155 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla. 1992). Accordingly we decline to affirm the trial court on this basis, and turn to the merits of Jones's motion.
Although it is not clearly worded, we interpret Jones's first argument as contesting retroactive application of a 1991 amendment to rule 3.701(d)(7). From the limited record before us it appears this case involved a single victim but multiple incidents of sexual battery, and further that the 160 "victim injury points" represent 40 points for "penetration or slight injury" quadrupled because of the four separate convictions. "Victim injury shall be scored for each victim physically injured during a criminal episode or transaction, and for each count resulting in injury whether there are one or more victims." Fla. R.Crim.P. 3.701(d)(7). This has been the approved method for scoring victim injury only since 1991. See Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 and 3.988), 576 So.2d 1307 (Fla. 1991). Prior versions of the rule allowed the scoring of "victim injury" points only for each victim physically injured during a criminal episode. If in fact the trial court relied on the 1991 rule, and Jones's multiple convictions stemmed from a "single episode," the quadrupling of "victim injury" points was improper. Madrey v. State, 594 So.2d 841 (Fla. 5th DCA 1992).[1]
Jones also questions the propriety of scoring victim injury under any circumstances. This portion of the motion is based on the supreme court's recent decision Karchesky v. State, 591 So.2d 930 (Fla. 1992). Our court has considered the effect of Karchesky and concluded that while the issue may be raised via rule 3.800(a), the trial court may still consider the extent of victim injury at resentencing. Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992).
Because the guideline scoresheet does not appear in the record on appeal, this court has only Jones's word that deletion of all points for "victim injury" would result in a reduced sentence. Therefore, after remand, the trial court should first determine whether the errors asserted, even if true, are harmless. Cf. Marshall v. State, 560 So.2d 810 (Fla. 2d DCA 1990). If so the court may again deny the motion, attaching to its order the documents upon which it has relied. Otherwise the court should proceed to determine whether "victim injury" was properly scored. Because the issue discussed in Karchesky and Morris requires additional findings of fact, and because the "single episode" problem may require further evidentiary development, *707 de novo resentencing may be necessary. Any party aggrieved by the subsequent action of the trial court must file a timely notice to obtain further appellate review.
Reversed.
CAMPBELL, A.C.J., and SCHOONOVER and HALL, JJ., concur.
NOTES
[1] This issue was not raised on direct appeal and there may have been no objection at sentencing. However, this court has held that improper retroactive application of changes in the sentencing guidelines may be addressed via Florida Rule of Criminal Procedure 3.800(a). Miller v. State, 515 So.2d 392 (Fla. 2d DCA 1987); Dupont v. State, 514 So.2d 1159 (Fla. 2d DCA 1987).