PER CURIAM.
We reverse the order of the trial court which denied appellant’s motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). In appellant’s direct appeal to this court, we affirmed his convictions for possession of cocaine and drug paraphernalia, but reversed on the other counts and remanded for a new trial on them. Valdez v. State, 613 So.2d 916 (Fla. 4th DCA1993).
On remand appellant pled guilty to lesser included offenses of simple battery and resisting arrest, which are misdemeanors and which would have reduced his sentencing guideline scoresheet points by 8. Appellant contends that this would have resulted in his category 7 scoresheet totaling 111 points rather than the 119 he originally scored before the reversal and remand and plea. This reduction dropped him one grid or level in the guidelines. With a total of 111 points, his recommended sentencing range is community control or 12 to 30 months incarceration, and the permitted range is any non-state prison sanction or community control or 1 to 3½ years in prison. Thus, the 4½ year sentence he is serving now exceeds the guidelines. Appellant contends that his guidelines scoresheet should have been corrected after his plea to lesser offenses, and that therefore he is entitled to relief pursuant to the provision in Florida Rule of Criminal Procedure 3.800(a) for incorrect calculations in guidelines scoresheets. We agree.
The fact that this court did not in its original or clarified opinions address the matter of a new scoresheet and calculations should not be inferred as a ruling on the issue. Further, we reject the state’s argument that rule 3.800(a) is not the proper vehicle to raise the issue of whether the guideline scoresheet calculations are in error. The use of no scoresheet or the wrong score- *858 sheet may be raised in a rule 3.800(a) motion. White v. State, 600 So.2d 1234 (Fla. 2d DCA1992).
We therefore reverse the trial court’s denial of appellant’s rule 3.800(a) motion, and remand for resentencing consistent with this opinion.
GUNTHER, POLEN and FARMER, JJ., concur.