624 So.2d 418 (1993)
Clifford Wilson ASH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02282.
District Court of Appeal of Florida, Second District.
October 8, 1993.
PER CURIAM.
Clifford Ash appeals the summary denial of his motion to correct sentence. We reverse.
The motion is based on Karchesky v. State, 591 So.2d 930 (Fla. 1992). Ash, who entered a plea to attempted sexual battery, contests the inclusion of points for "victim injury" on his sentencing guidelines scoresheet.
This appeal is controlled by our previous decision in Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992). Morris involved three separate defendants whose cases we consolidated in order to confront the Karchesky issue. One of the three originally was charged with capital sexual battery. The state agreed to reduce that charge in exchange for a plea. It appeared that this plea offer also called for a fixed length of sentence:
The specific length of the sentence ... was made a specific condition of the plea. Although a guideline scoresheet was prepared  one which ... coincides with the actual sentence  it is not certain that the state agreed, in addition to reducing the charges, that [appellant] should receive a guideline-consistent sentence.
605 So.2d at 513-14 (footnote omitted).
The facts of the present case are virtually identical. It may be that the scoresheet was not taken into account in the state's decision to offer a plea to Ash, his decision to accept it, or the trial court's decision to follow the recommendation. If so, the "victim injury" error may be harmless. Morris; Cf. Orsi v. State, 515 So.2d 268 (Fla. 2d DCA 1987). Ash, however, insists that the plea was for a guideline sentence in addition to a reduction in the charge. The record before us does not provide conclusive proof either way, requiring us to reverse for further proceedings consistent with Morris.
After remand the circuit court should reexamine the files and records in this case in an effort to determine whether anything therein *419 conclusively demonstrates that Ash is not entitled to relief. If so, the court may again deny the motion, attaching to its order whatever documentation it has relied upon. Otherwise this case may require evidentiary proceedings to determine the true nature and complete extent of the plea agreement. Any party aggrieved by the subsequent action of the circuit court must file a timely notice of appeal to obtain further appellate review.
Reversed.
FRANK, C.J., and DANAHY and CAMPBELL, JJ., concur.