636 So.2d 824 (1994)
Frank SALEMI, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00523.
District Court of Appeal of Florida, Second District.
May 4, 1994.
*825 ALTENBERND, Judge.
Frank Salemi appeals the summary denial of his motion to correct sentence. The record does not conclusively establish that he is entitled to no relief. Accordingly, we must reverse and remand for further proceedings.
In August 1989, Mr. Salemi pleaded nolo contendere to three counts of engaging in sexual activity with a child in violation of section 794.041, Florida Statutes (1987). He signed a written plea agreement, recognizing that the maximum penalty for each count was thirty years' incarceration, but agreeing to a twenty-year suspended sentence. During the suspended sentence, Mr. Salemi was to serve one year of community control and nineteen years' probation.
At the time Mr. Salemi entered into this agreement, his scoresheet reflected 401 total points, including 120 points for victim injury. The recommended range was twelve to seventeen years.[1] Thus, Mr. Salemi's suspended sentence was technically a one-cell upward departure from the guidelines, although suspension had the effect of providing a significant downward departure. See DeRicciulli v. State, 592 So.2d 1197 (Fla. 2d DCA 1992).
Thereafter, Mr. Salemi violated community control and received three concurrent terms of twenty years' imprisonment. See Salemi v. State, 573 So.2d 117 (Fla. 2d DCA 1991). Mr. Salemi now claims that the supreme court's subsequent decision in Karchesky v. State, 591 So.2d 930 (Fla. 1992), requires the elimination of the 120 points for victim injury, and that he would not have agreed to the suspended sentence if he had realized that the scoresheet recommended a sentence of twelve years' incarceration.
Given the leniency of the probationary sentence offered in the plea agreement, one may seriously question Mr. Salemi's contention that the scoresheet change would have affected his plea.[2] Nevertheless, we are constrained to reverse the trial court's order and remand for proceedings pursuant to Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992). See also Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA), review denied, 624 So.2d 268 (Fla. 1993); Ash v. State, 624 So.2d 418 (Fla. 2d DCA 1993); Walls v. State, 627 So.2d 107 (Fla. 2d DCA 1993).
Reversed and remanded.
RYDER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Apparently, these offenses were committed prior to the creation of permitted range sentencing. Our record does not disclose the dates of the offenses.
[2] It is noteworthy that the suspended sentence has little effect in this case. Without the suspended sentence, a violation of community control or probation would have allowed for a twenty-two-year sentence under the prepared scoresheet or a seventeen-year sentence under the scoresheet that Mr. Salemi now claims to be correct.