648 So.2d 1219 (1995)
James Nolan WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03775.
District Court of Appeal of Florida, Second District.
January 18, 1995.
Kathleen M. Calcutt of The Law Office of Kathleen M. Calcutt, Tampa, for appellant.
James Nolan Wilson, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
James Nolan Wilson appeals his sentence following the revocation of his community control. Wilson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Wilson, pro se, challenges the imposition of victim injury points and the trial court's use of a newly prepared scoresheet for sentencing on a violation of probation. Because we find *1220 merit in Wilson's arguments, we reverse and remand for resentencing.
Wilson was convicted of two counts of sexual activity with a child by a person in familial authority. § 794.041(2)(b), Fla. Stat. (1987). On his original scoresheet, 20 victim injury points were assessed for contact but no penetration and 40 points were assessed for penetration or slight injury. Wilson was sentenced to seven years in prison followed by five years on probation. After his release from prison, Wilson violated his probation. Ultimately, he was given a 22-year suspended prison sentence with one year in county jail to be followed by two years on community control and seven years on probation. When Wilson violated his community control, the trial court sentenced him to 22 years in prison.
The record does not indicate the basis for imposing victim injury points. The information alleged contact and attempted penetration but did not allege any other injuries suffered by the victim. Thus, we reverse for a proper determination of victim injury points. See Karchesky v. State, 591 So.2d 930 (Fla. 1992). On remand, the trial court may reimpose the points, if appropriate, after a de novo hearing to determine the extent of victim injury. See Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992).
We reject the state's argument that Wilson has waived these issues or that any error is harmless. See Daum v. State, 544 So.2d 1035 (Fla. 2d DCA) (holding that the issue of victim injury points presents a question of law which may be raised at any time), review denied, 551 So.2d 462 (Fla. 1989); Najar v. State, 614 So.2d 644, 645 (Fla. 2d DCA 1993) (holding that scoresheet errors are not harmless even though a sentence falls within the corrected cell when an appellate court is unable to determine that the trial court "would have extended the sentence into the farthest reach of the permitted range had it considered an accurate scoresheet").
In addition, the trial court erred at the sentencing for Wilson's violation of probation by using a newly prepared scoresheet instead of the original scoresheet with a one-cell bump. See Parrish v. State, 617 So.2d 1170 (Fla. 5th DCA 1993). On remand, the trial court should use the original scoresheet with a two-cell bump, one for each successive violation. See Williams v. State, 594 So.2d 273 (Fla. 1992).
Reversed and remanded for resentencing in accordance with this opinion.
PARKER, A.C.J., and PATTERSON, J., concur.