GRIFFIN, Judge,
dissenting.
I respectfully dissent. This defendant committed a sexual battery in 1990. It appears that the defendant coaxed a fourteen year old girl who was walking home from a party into a residence and had intercourse with her while three other individuals held her down. He was adjudicated guilty and sentenced on May 13, 1992. Five months earlier, in January 1992, the Supreme Court of Florida decided Karchesky. The legislature responded immediately and, effective April 8, 1992, Karchesky was undone. The sentencing guidelines scoresheet in this case reflects the inclusion of 40 points for “penetration.” It is impossible to tell from this record before us whether the scoresheet was prepared in light of Karchesky or in ignorance of Karchesky. Whether the statutory amendment was considered is also a mystery. There is no suggestion in the record that any effort was ever made to correct any score-sheet “error.” Further, when the defendant was sentenced below, after violation ofprobation, this issue was not even mentioned.
Appeal from resentencing upon violation of probation is not the proper time to assert such errors in the original scoresheet. We have no record at all upon which we could confidently reach a conclusion about whether this fourteen year old victim was “injured,” or not. If appellant had raised this issue below or had offered any evidence that, indeed, there had been no victim injury within the meaning of Karchesky, I could agree with the majority. But this defendant has failed to utilize any of the many remedies available to him.[1] I would therefore affirm the conviction and sentence. At most, this matter should merely be remanded for a proper evidentiary hearing on the question of victim injury in order to determine what this criminal defendant’s correct scoresheet total *1116 should be. See Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992).

. In fact, by the time this issue was first raised, the time to seek relief under Rule 3.850 had expired.