QUINCE, Judge.
Appellant, James Patrick Tierney, seeks review of the trial court’s denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Because victim injury points may have been improperly assessed, we reverse and remand to the trial court for a hearing on the issue.
On June 24, 1987, appellant was sentenced to concurrent terms of one year and one day imprisonment followed by ten years’ probation on three counts of sexual battery. After multiple violations of probation and/or community control, appellant was sentenced on March 4, 1993, to seven years’ imprisonment on each count with credit for 296 days served, with the sentences to run concurrently. On August 12,1993, appellant filed a pro se motion to correct an illegal sentence, alleging victim injury points were improperly scored and credit for time served and gain-time were not properly credited. In an amended order dated September 30, 1994, the trial court granted 1,109 days credit for time served but denied relief under Karchesky v. State, 591 So.2d 930 (Fla.1992).
The scoresheets used in sentencing in 1987 and 1992[1] show 120 points for victim injury. Appellant argues this was improper because there was no victim injury beyond the penetration in the three sexual batteries. The record does not refute appellant’s allegation nor disclose the basis for the victim injury points. Therefore, we remand to the trial court for a hearing so the court can determine this issue. These points may be reimposed if victim injury is proven. Salemi v. State, 636 So.2d 824 (Fla. 2d DCA 1994); Ash v. State, 624 So.2d 418 (Fla. 2d DCA 1993). If no actual injury can be proven, the scoresheet must be corrected and the appellant resentenced. Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA), rev. denied, 624 So.2d 268 (Fla.1993).
The state argues any error in the score-sheet calculation is harmless because the seven year sentences were the result of plea negotiations. The only evidence in the record supporting this claim is the prosecutor’s statement at argument. The appellant, however, alleges both his attorney and the prosecutor at the sentencing hearing on March 4, 1993, stated this was a guidelines sentence. The record does not include a copy of either the sentencing hearing or a plea agreement for a specific sentence. The record does not conclusively demonstrate whether the seven year sentences were offered based on being within the guidelines. Therefore, we cannot say the scoresheet error was harmless. See Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992).
If resentencing is necessary, the trial court will have the opportunity to depart from the guidelines if valid reasons for departure exist. Sanchez v. State, 600 So.2d 1256 (Fla. 2d DCA 1992). The trial court may increase one cell from the guidelines range for each successive violation of probation. Wilson v. State, 648 So.2d 1219 (Fla. 2d DCA 1995).
We reverse the trial court’s denial of the motion to correct illegal sentence and remand with directions.
SCHOONOVER, A.C.J., and PATTERSON, J„ concur.

. Appellant's offenses were committed prior to the amendment to Florida Rule of Criminal Procedure 3.701, providing for a permitted range in the guidelines. On remand the trial court should use the guidelines in effect at the time the offenses were committed. See Furlow v. State, 579 So.2d 910 (Fla. 5th DCA 1991).