661 So.2d 71 (1995)
Guy BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00619.
District Court of Appeal of Florida, Second District.
June 16, 1995.
PER CURIAM.
Guy Edward Barnes appeals the summary denial of his motion to correct illegal sentence. The court incorrectly denied as successive[1] the motion which asserts that the sentence imposed pursuant to a negotiated plea agreement was based on a guidelines scoresheet in which the court improperly scored points for victim injury in contravention of Karchesky v. State, 591 So.2d 930 (Fla. 1992). As it appears this argument may have merit, we reverse and remand.
While the plea agreement itself does not establish that Barnes negotiated for a guidelines sentence, it is apparent from the plea colloquy that Barnes and his counsel assumed that the sentence to be imposed was within the recommended range of the sentencing guidelines. When an agreed sentence is based on a scoresheet which includes improperly scored victim injury points, the case must be reversed and remanded. See Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992); Beasley v. State, 605 So.2d 959 (Fla. 2d DCA 1992).
On remand, unless the case files and records conclusively demonstrate that Barnes is not entitled to relief, the court shall conduct an evidentiary hearing. If the court again concludes that summary denial is proper, it must attach to its order those portions of the case file and record which refute Barnes' claim. If the court determines that the motion should be granted, the state shall be allowed to withdraw from the plea agreement, if desired; or Barnes shall be resentenced in accordance with this court's decisions in Wilson v. State, 648 So.2d 1219 (Fla. 2d DCA 1995), and Morris, 605 So.2d at 514.
Reversed and remanded with directions.
DANAHY, A.C.J., and PARKER and WHATLEY, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.800 contains no proscription against successive motions. Braddy v. State, 520 So.2d 660 (Fla. 4th DCA), review denied, 528 So.2d 1183 (Fla. 1988).