PER CURIAM.
Danny Scalf appeals from the denial of his motion to correct sentence. The trial court correctly relied on the principle that a challenge to a departure sentence cannot be based upon a rule 3.800(a) motion to correct an illegal sentence. Pula v. State, 652 So.2d *374 981 (Fla. 5th DCA 1995). Only three of the four issues Scalf raised with the trial court, however, fall within the area proscribed by the foregoing rule. A fourth issue questioned the propriety of assessing victim injury points on the three sexual battery convictions. This court in Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992), determined that a motion based upon rule 3.800(a) is an appropriate way to attack a sentence viola-tive of Karchesky v. State, 591 So.2d 930 (Fla.1992) (penetration without physical injury or collateral residual effects will not support points for victim injury). Thus, if all of Scalfs victim injury points were deleted, he would drop two cells, i.e., from 27 to 40 years to 17 to 22 years.
If the trial court determines on remand that Scalfs contention disputing the victim injury points proves to be warranted, the motion may be denied without a hearing but only if the trial court determines and finds that the life sentence would have been imposed notwithstanding the scoresheet error. Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987). If, however, a hearing is deemed necessary, the trial court is free to determine if Scalf should receive victim injury points based on standards used in nonsexual cases. Morris, 605 So.2d at 514.
Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further appellate review.
Reversed in part, affirmed in part, and remanded for further proceedings.
FRANK, C.J., and PATTERSON and LAZZARA, JJ., concur.