PER CURIAM.
The appellant challenges an order by which his motion to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a), was denied. We reverse the order in part and remand this case to the trial court.
In his motion, the appellant raised four grounds for relief, only one of which merits discussion. In 1994, the appellant was sentenced for violation of probation. At the same time, he was also convicted and sentenced for another offense which was the basis for his violation of probation. The appellant contended that a 1994 guidelines scoresheet was used as the basis for sentencing him for the violation of probation, which resulted from a 1991 conviction. He further alleged that a 1991 scoresheet was used for his 1994 offense. His claim was therefore that the wrong scoresheet was used for purposes of sentencing for both the probation violation and the 1994 crime.
The use of the wrong scoresheet is a valid ground for relief under Rule 3.800(a). See White v. State, 600 So.2d 1234 (Fla. 2d DCA 1992); Schneider v. State, 512 So.2d 308 (Fla. 2d DCA 1987). White and Schneider pre-date the decisions in Davis v. State, 661 So.2d 1193 (Fla.1995); and State v. Callaway, 658 So.2d 983 (Fla.1995), which defined an “illegal” sentence as one that exceeds the maximum period provided by law for a particular offense. However, the language of Florida Rule of Criminal Procedure 3.800(a) provides that, “[a] court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet.” Based on this language, the rule of law applied in White and Schneider is still in effect. Use of the wrong scoresheet is akin to an incorrect scoresheet calculation which is cognizable under Florida Rule of Criminal Procedure 3.800(a). Baldwin v. State, 679 So.2d 1193 (Fla. 1st DCA 1996).
The court failed to attach copies of the actual scoresheets to the order to refute the appellant’s claim. Although attachment of the scoresheets would not be necessary if the appellant was convicted and sentenced pursuant to plea agreements in both eases, see Monroe v. State, 673 So.2d 149 (Fla. 1st DCA 1996), there is no indication in the record before us that the appellant was sentenced pursuant to a plea agreement in either case. Without copies of the appellant’s guidelines scoresheets or plea agreements, we cannot conduct a meaningful review of the trial court’s denial of this claim.
The order is reversed to the extent that it reflects a denial of the claim in which the *965 appellant alleged the scoresheet confusion, and this case is remanded to the trial court for either attachment of files and records that conclusively refute the appellant’s claim, or for resentencing using appropriate score-sheets. The order is otherwise affirmed.
MINER, ALLEN and MICKLE, JJ., concur.