PER CURIAM.
George Avant appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion. We reverse.
Avant was sentenced to twenty-two years in prison in 1986 for offenses that occurred in 1985. After he was released from prison on probation, he violated probation. He was then sentenced to life in prison for the violation of probation.
Avant alleges that his sentence is illegal because the trial court used the 1988 sentencing guidelines rather than the 1985 sentencing guidelines. He further alleges that the trial court sentenced him within the permitted range rather than within the recommended range for offenses that occurred before the applicable rules, Florida Rule of Criminal Procedure 3.701 and 3.988, were amended to permit sentencing within the permitted range.
The trial court denied the motion, stating that although the 1985 scoresheet should have been used to determine Avant’s sentence, the error was harmless. According to the trial court, Avant’s life sentence would be within the permitted range if the correct scoresheet had been used.
This conclusion is erroneous on two grounds. First, the attachments to the order denying relief do not conclusively demonstrate that Avant would have received the same sentence with a correct scoresheet. See Carter v. State, 705 So.2d 582 (Fla. 2d DCA 1997). Second, the rule amendments that expanded the trial court’s discretion to allow sentencing within permitted ranges went into effect in 1988. See Jones v. State, 615 So.2d 705 (Fla. 2d DCA 1992). These amendments cannot be applied retroactively. Id. at 706. Consequently, Avant is entitled to be resentenced with a correct scoresheet, within the recommended sentencing range rather than within the permissible sentencing range.
Reversed and remanded.
FULMER, A.C.J., and GREEN and DAVIS, JJ., Concur.